Horner *v.* Wood.

[KINGS GENERAL TERM, October 3, 1853. *Barculo, Brown* and *S. B. Strong,* Justices.]

---

## HORNER and others *vs.* WOOD & LYMAN.

In an action to recover a stipulated monthly compensation for furnishing, or being ready to furnish, certain steam power to the defendants, under a written contract for one year between the parties, the defendants, for the purpose of showing a satisfactory reason for abandoning the use of the power before the time specified in the contract had expired, offered to prove that accidents fatal to human life had resulted from the use of the machinery which supplied the power, both before they had commenced, and after they had ceased, using it. That fact was not set up as a defense in the answer; and the evidence was excluded. *Held,* that if the accidents had resulted from any previous defect in the machinery, or from the habitual carelessness or mismanagement of the person who had charge of it, at the time when it was operating for the defendants, they should have proved, or offered to prove those facts, in order to show the applicability of the proposed evidence; and that the evidence was, under the circumstances, properly excluded.

*Held also,* that evidence that the defendants had made contracts with various persons to sell them saws, to be manufactured by them, under their contract, but which they had been unable to fulfill, by reason of the failure of the plaintiffs to perform their engagements, whereby the defendants had sustained damages, was inadmissible; the damages offered to be proved being too remote.

In awarding damages for the non-performance of an existing contract, the gains or profits of collateral enterprises, in which the party claiming them has been induced to engage, by relying upon the performance of such contract, cannot be included.

Although the charge of a judge, on the trial, may be incorrect, upon a particular point, yet if the question has no bearing upon the issues raised by the defendants, and actually tried, the error can in no manner prejudice the defendants, and should be disregarded on a motion for a new trial.

Horner *v.* Wood.

APPEAL from a judgment entered at a special term, upon the verdict of a jury. The complaint alleged the making of a contract between the plaintiffs and the defendants, by which, among other things, it was agreed that the plaintiffs should furnish to the defendants steam power from their steam engine in the Sing Sing prison, sufficient to drive six grindstones, and other machinery therein specified, to do certain specified work for the defendants, for one year from the first day of May, 1851, for $100 per month, payable at the end of each month; and averred performance on the part of the plaintiffs, and the furnishing of the steam power for the six months ending on the 31st of October, 1851; concluding with a demand of judgment for $600, with interest on each monthly installment, from the first day of the ensuing month. The answer admitted the making of the contract; denied performance by the plaintiffs; alleged that the plaintiffs failed to furnish the defendants with the necessary shop-room for their machinery, as they were bound to do by the same contract; and averred that the steam engine of the plaintiffs was run so irregularly, as to speed and force, as to render frequent and expensive changes of gearing in the machinery of the defendants necessary, to avoid accidents: that it did not drive their grindstones, and other machinery, in such manner as to enable the defendants to perform their work; and that in consequence the defendants suffered great loss of time and damage in their business, which they claimed to recoup against the demands of the plaintiffs. It also averred that in consequence of the non-performance of the contract by the plaintiffs, the defendants were compelled to procure other shop-room, and to purchase a steam engine, and other machinery, for the purposes of their business, and denied the alleged indebtedness. The reply denied the several matters of defense alleged in the answer. The cause was tried at the Westchester circuit in March, 1852, before Mr. Justice Brown; and a verdict rendered for the plaintiffs, for the full amount of their claim, as stated in the summons and complaint. A case and bill of exceptions having been made and settled, a motion for a new trial was made at the special term held in the county of Kings, in November, 1852, before

Horner *v.* Wood.

Mr. Justice Strong.  The motion was denied; and judgment entered up and docketed, on the 11th of December, 1852, for the amount of the verdict, with interest and costs.  From this judgment the defendants appealed.

*J. W. Tompkins,* for the plaintiffs.

*J. S. Carpentier,* for the defendants.

*By the Court,* S. B. STRONG, J.  The plaintiffs seek to recover a stipulated monthly compensation for furnishing, or being ready to furnish, certain steam power to the defendants, from the first of May to the first of November, 1851.  The defendants offered to prove that accidents fatal to human life had resulted from the use of the machinery which supplied the power, both before they had commenced, and after they had ceased, using it. The proposed evidence to that effect was excluded by the learned judge who tried the cause.  The defendants' object was to show a satisfactory reason for abandoning the use of the power, before the time specified in their contract had expired.  But they had not alleged that, by way of defense, in their answer; and if they had done so, there is nothing to show that the alleged accidents happened from any cause existing at the time when the machinery was in operation for them.  If the accidents had resulted from any previous defect in the machinery, or from the habitual carelessness or mismanagement of the person who had charge of it, *at the time when it was operating for the defendants,* they should have proved, or offered to prove, those facts, to show the applicability of evidence which was otherwise, and, from any thing that appeared, irrelevant.  The evidence was, under the circumstances, properly excluded.

The defendants also offered to prove that they had made contracts with various persons to sell them saws which might be manufactured by them under their contract, but which they had been unable to fulfill by reason of the failure of the plaintiffs to perform their engagements, whereby the defendants had sustained damages; but the learned judge also decided that the

proposed evidence was inadmissible. The objection to it is, that the damages which it was proposed to prove were too remote. Such as resulted directly from the alleged non-performance by the plaintiffs of the stipulations in the contract, and from that cause only, were provable and allowable; but those which were caused by something out of such contract, as by engagements made by one of the parties with strangers, were indirect, and could not be recouped by the defendants in this suit. Parties, when they enter into contracts, may well be supposed to contemplate the ordinary, (and if I may use the expression here,) natural incidents, either from performance or non-performance. But neither can be supposed to take into consideration any transaction between the other and strangers. All persons should design, when they make engagements, to fulfill them; but unexpected events may transpire which may deprive them of the ability to do so; and few would enter into contracts of any considerable extent as to the subject matter, or time, if they should thereby incidentally assume the responsibility of carrying out other arrangements over which they had no control, and the existence of which was unknown to them. *Masterton* v. *The Mayor, &c. of Brooklyn*, (7 *Hill*, 61,) decides that in awarding damages for the non-performance of an existing contract, the gains or profits of collateral enterprises in which the party claiming them has been induced to engage by relying upon the performance of such contract cannot be included. The chief justice (Nelson) says, " it has been held that the loss of any speculation or enterprise in which a party may have embarked, relying on the proceeds to be derived from the fulfillment of an existing contract, constitutes no part of the damages to be recovered in case of a breach." He cites in support of this proposition *Clare* v. *Maynard*, (6 *Adol. & Ellis*, 519;) *Walker* v. *Moore*, (10 *Barn. & Cress.* 416;) *Cary* v. *Gruman*, (4 *Hill*, 627;) and *Chitty on Cont.* 458, 870. The evidence to prove such damages, in this case, was properly excluded.

The defendants do not set up in their answer, as an absolute defense, or at all, that their obligation to pay the monthly installments claimed in this suit, was dependent upon the *entire*

performance of each and all of the plaintiff's engagements during the time for which they became due. If they had done so, the question would have arisen whether such would have been the rational construction of a contract embracing so many particulars—and whether, if it had been, the defendants would not have been precluded from availing themselves of the objection as an absolute and entire bar against the recovery of an installment for any month, by continuing their operations into another. The courts have latterly somewhat relaxed the old rule on the subject of conditions precedent, in cases where it could be done without effecting injustice; probably from a disposition not to deprive a party of all compensation for services rendered and accepted, because the party asking for it may not have fully complied with his engagements, perhaps in some minute and unimportant particular, and without any intent to omit doing what he had contracted to do. Justice is more effectually insured in such cases by giving to one what his services to another are really worth; deducting all such damages as may have resulted from a breach, by the party seeking compensation, of any part of the contract. The relaxation of the rule extends no farther than to cases where the condition has reference to a matter which is divisible, or possessed of various attributes, where the deficiency in quantity or quality can be ascertained and estimated, and an allowance made for it which shall fully compensate the disappointed party. Nor does it extend to cases where full performance is expressly made a condition precedent. In the case under consideration, there is no direct stipulation to that effect. All that is said as to that is, that "the parties of the second part agree to pay to the parties of the first part for the said steam power, to be furnished as aforesaid," at the rate of one hundred dollars per month, at the end of each month. In the case of *Ritchie* v. *Atkinson*, (10 *Peters*, 295,) a ship master had agreed with a freighter to carry a *complete* cargo of iron and hemp at so much per ton for cash. The master, from some cause for which he was not answerable, had conveyed but a part, (although a large part,) of a cargo which was received by the freighter. In an action for the compensation, the objection was

Horner *v.* Wood.

raised, and very ably argued, that the carriage of a complete cargo was a condition precedent to any obligation to pay any thing; but the court decided that there might be a recovery *pro tanto*, leaving the master liable for any damages consequent upon the non-fulfillment of his engagement as to the residue.

The only defense set up by the defendants in their answer is, that by reason of the non-performance of the plaintiff's engagement in various particulars they have sustained damages to a large amount which they seek to recoup. As to these, all the admissible evidence offered by them was received; and the question was fully and fairly submitted to the jury. The question as to the dependence or independence of the covenants had no bearing upon the issues raised by the defendants, and actually tried; and if the judge was incorrect, on this point, in what he said to the jury, the error could in no manner have prejudiced the defendants, and should be disregarded in their motion for a new trial. (*Shorter* v. *The People*, 2 *Comst.* 193. *The People* v. *Lohman*, 2 *Barb. S. C. R.* 216.)

There is another reason why the mistake, if any, did not prejudice the defendants. The jury have found, in effect, that the plaintiffs did fully perform their engagements; unless there was, which is not pretended, some breach for which the consequent damages were merely nominal.

The jury would however, I think, have been warranted by the evidence in making some deduction from the plaintiffs' demand. But the question was fairly submitted to them, and there was not such a preponderance in favor of the defendants, on the question of recoupment, as to authorize me to disturb the verdict.

The motion for a new trial must be denied, with costs.

[KINGS GENERAL TERM, October 3, 1853. *Barculo, Brown* and *S. B. Strong,* Justices.]