## McGregor, Laws & Blackmore *v.* Armill.

Where, in an action on a note, the jury returned a verdict as follows: "The jury, in the above case, find for the plaintiff the amount of the note and interest," and the court thereupon directed the clerk to assess the damages, and rendered judgment for the sum so assessed; *Held*, That the verdict was sufficiently certain, and that the court did not err in directing the assessment by the clerk, and rendering judgment against the defendant for the sum so assessed.

An objection not raised in the court below, cannot avail the party in the appellate court.

The giving or refusing an instruction upon a mere abstract proposition of law, which does not refer in any way to the evidence of the case, or issues made, is not such an error as will warrant a reversal of the judgment, unless it may be fairly inferred that the jury was thereby misled, to the prejudice of the party complaining.

Where in an action on a note, the signature to which was denied under oath, upon which issue was taken, the defendant, to sustain the issue upon his part, produced four witnesses, who testified that they had seen him write recently within a year or two, and they were of opinion that the signature to the note was not the handwriting of the defendant, three of which witnesses were' experts; and the genuine handwriting of the defendant being shown them, they gave their opinion as experts, from their knowledge of his handwriting; and where, there being no evidence of any witness that had seen the defendant sign the note, the court instructed the jury, that "the evidence of experts, who are not acquainted with the signature or

McGregor, Laws & Blackmore v. Armill.

handwriting of the person whose signature is in dispute, is the lowest and least satisfactory kind of evidence as to the genuineness of handwriting:" *Held*, That there was no evidence to justify the court in giving the instruction, and that it was fairly inferable that the instruction misled the jury, under the circumstances disclosed, to the prejudice of the defendant.

### Appeal from the Scott District Court.

THIS was an action to recover on a promissory note, due in ninety days after its date. The execution of the note was denied under oath, and on this, issue was taken by proper replication. To sustain the issue on his part, the defendant (in the language of the bill of exceptions) "produced four witnesses, who testified that they had seen him write recently, within a year or two, and they were of opinion that the signature to the note was not the handwriting of the defendant. There was no evidence by any witness, that they had seen the defendant sign the note. Three of the witnesses for the defendant, who stated that in their opinion the signature was not genuine, were experts, and the genuine handwriting of the defendant was shown them, and they gave their opinions, as experts, from their knowledge of his handwriting." At the request of plaintiff, the court charged the jury, that "the evidence of experts, who are not acquainted with the signature or handwriting of the person whose signature is in dispute, is the lowest and least satisfactory kind of evidence as to the genuineness of handwriting," to which defendant excepted. After stating the names of the parties, the verdict of the jury was as follows: "The jury, in the above case, find for the plaintiffs the amount of the note and interest," which was signed by their foreman. The court, thereupon, ordered the clerk to assess the damages, and he having accordingly returned, that there was due on the note $632.20, judgment was rendered for that amount. So far as the record discloses, the defendant did not at the time object to such assessment, or the form of the verdict.

*Whitaker & Grant*, for the appellant.

*G. C. R. Mitchell*, for the appellees.

WRIGHT, C. J.—It is first assigned for error, that the court had no right to refer the assessment of damages to the clerk, and that there was no sufficient verdict upon which a judgment could be rendered. But can defendant take advantage of this, at this time? We think not. If the form of the verdict was defective, it might have been corrected at the time of its rendition, had the defendant objected, and thus have obviated the necessity of referring the assessment to the clerk. We think the objection must have been taken in the court below, to avail the party in the appellate court. *Schleneker* v. *Risley*, 3 Scam. 488; *Bank of Illinois* v. *Batty*, 4 Ib. 200.

Aside from this, however, we think the court committed no error in directing the assessment and rendering the judgment for the amount. The action was upon a note, clear and definite as to the date, maturity, and interest. The only issue was the execution or non-execution of the note. To this issue, the jury, by the verdict, did respond. The party in whose favor they found, is also distinctly stated. And they also do, for all practical purposes, assess the damages. There is no difficulty in arriving at absolute certainty, from such a verdict. The mind can have no hesitation in saying, that the intention of the jury is expressed, and so expressed, that but one judgment could be rendered, and that for an amount definitely ascertained from data which had been found by the jury. The form is sufficient, if it expresses the intention of the jury. Code, § 1720. We do not then treat the assessment as made by the clerk, but by the jury. The verdict might have been more formal, but could scarcely be more certain. Had the pleadings been otherwise; had there been other and different issues, or the cause of action other than a promissory note, there might be more room for doubt. In this case, however, there is no pretence that the judgment was for anything beyond the amount of the note and interest, which was what the jury found and reported, in legal effect; and for such want of form, we would not

disturb the case, even if objection had been made at the proper time. Upon this subject, see *Beckwith* v. *Carleton*, 14 Geo. 691; *James* v. *Wilson*, 7 Texas, 230; *Wells* v. *Barnett*, Ib. 584; *Smith* v. *Johnson*, 8 Texas, 418; *Findley* v. *Buchanan*, 1 Blackf. 12; *Heddy* v. *Fullen*, Ib. 51.

It is next urged, that the court erred in giving the instruction asked by plaintiff, and this presents a question of more difficulty. The appellant claims that it was erroneous, because there was no evidence to justify the court in giving such instruction; that the evidence shows, that the experts who testified, had a personal knowledge of the handwriting, and swore as well from such knowledge, as from mere comparison; and that, therefore, the instruction, if correct, was predicated upon an improper basis, and was calculated to mislead and confuse the jury. The appellees, on the other hand, admit that the instruction had no application under the proof made, but that the jury could not have been misled by it, and therefore, if erroneous, which is denied, it cannot operate to reverse the case.

It may be regarded as settled, that the giving or refusing an instruction, upon a mere abstract proposition of law, which does not refer in any way to the evidence in the case, or issues made, would not be such an error, as will warrant a reversal, unless it may be fairly inferred, that the jury was thereby misled to the prejudice of the party complaining. If it was erroneous, but could have had no effect upon the finding, it would be no ground for error in this court. It is also true, that the instructions should apply to the facts proved, but if they have no such application, and could have no influence on the verdict, though erroneous, they will afford no ground for a reversal of the judgment. *Horner et al.* v. *Wood et al.*, 16 Barb. 386; *Atkinson* v. *Lester*, 1 Scam. 407; *United States* v. *Wright*, 1 McLean, 509; *Smith* v. *Carr*, 16 Conn. 450; *Cummings* v. *Chandler*, 26 Maine, 453. The giving of an instruction, involving a mere abstract, legal proposition, may not aid the jury, nor does it necessarily follow that it had an improper influence. But if erroneous,

and it appears that it could have had an influence prejudicial to the interests of the excepting party, this court will be justified in reversing it.  *Corbin* v. *Shearer*, 3 Gilm. 482;. *Carson* v. *Lucore*, 1 G. Greene, 33.   And in the case of *Benham* v. *Cary*, 11 Wend. 83, it was held, that where the charge of the court had a tendency to make an erroneous impression upon a jury, and mislead them in their views of the case, a new trial should be granted.

In view of these general propositions, let us examine the question presented.   It is very evident, that the instruction. given, was not applicable to the facts proved. The witnesses gave their opinion, as experts, *from their knowledge of the handwriting* of defendant, and not from a mere comparison of writings or signatures, of which they had previously known nothing.   That such testimony is entitled to more weight, than if the witness had spoken alone from comparison, is recognized by the instruction, and must be admitted.   If it be true, then, that the evidence of experts, unacquainted with the signature, is the lowest and least satisfactory kind of evidence, as to the genuineness of the disputed signature, it is fairly inferable, that the giving of such instruction would mislead the jury, under the circumstances disclosed.   And we conclude, that it would have such an influence.   Here was a controversy as to the genuineness of a signature to a promissory note.   The record shows, that witnesses were introduced, part of whom testified, that from their knowledge of defendant's handwriting, they believed it to be genuine.   Others, again, from a like knowledge, were of the opinion that it was not his signature. Some of these latter witnesses were experts, and the genuine handwriting being shown them, they gave their opinions, as such experts, from their knowledge of defendant's handwriting.   On this proof, the jury are informed, that the evidence of experts, who are not acquainted with the handwriting, is the lowest and least satisfactory kind of evidence. Now, we certainly hazard nothing in saying, that jurors, upon a question which has elicited conflicting opinions, from the highest tribunals, might well be misled by such an

instruction, and must almost necessarily, have treated the testimony actually given, of the lowest kind. If so, the defendant must as necessarily have been prejudiced.

We conclude, then, that the instruction was inapplicable, was calculated to mislead the jury and prejudice defendant's interests, and should, therefore, have been refused.

It, therefore, becomes unnecessary to inquire into the correctness of the instruction given, under a state of case, where the question might properly arise.

Judgment reversed.