## STEVENS v. CAMPBELL.

Where a party to a suit calls upon his adversary to answer or reply under oath, and such answer or replication is made, he is not entitled to a continuance of the cause, in order to procure the attendance of the party making the answer or replication under oath, as a witness, to testify concerning the matters embraced in the sworn answer or replication.

Where in an action on a joint promissory note, the plaintiff offered in evidence a note signed by the defendants, to the introduction of which they objected, on the ground that the copy of the note appended to the petition was signed by one of the defendants only; and where the plaintiff asked leave to amend the petition, so far as to affix the name of the other defendant to the copy of the note, in support of which application, one of the attorneys stated professionally, that he had seen the name of the said defendant on the said copy of said note; and where the court being of the opinion that the name of said defendant had been worn off the said copy of said note, by the frequent handling of the papers, permitted the amendment to be made, and admitted the original note in evidence; *Held*, That the proceeding was not erroneous.

Where a party to a suit issues a subpœna for his adversary, to appear and testify in the cause, which is returned not served, he cannot be

admitted as a witness for himself, under sections 2421 and 2422 of the Code. In order to make himself a competent witness, he must show that the other party has been served with a subpœna, and that he has failed to appear.

Under section 970 of the Code, the notice required to be given by a surety to the holder of a promissory note, to proceed by suit against the principal, must, in order to release the surety from liability, in case of the subsequent insolvency of the principal, be given in writing.

Where in an action on a promissory note, the jury returned a verdict as follows: "We, the jury, find for the plaintiff, for the note and interest;" and where the court referred the cause to the clerk to assess the damages, who reported the same to the court, and thereupon judgment was rendered against the defendant by the court for the amount so reported by the clerk, with costs; *Held*, 1. That the intention of the jury was sufficiently indicated by the language of the verdict; 2. That the action of the court in referring the assessment of damages to the clerk, was nothing more than reducing the verdict to proper form.

*Appeal from the Polk District Court.*

WEDNESDAY, OCTOBER 13.

Action on a promissory note for $330,00, of which the plaintiff was the assignee. The defendant, Wright, answered, averring payment of the note, except thirty or forty dollars. The other defendant, Campbell, answered, alleging that he signed said note as security for Wright, which fact was well known to said plaintiff; that the execution and indorsement of said note, was to enable the said Wright to borrow a certain sum of money, at about three and a half per cent. per month, in avoidance of the usury laws; that said Campbell, five or six months ago, when said Wright was solvent, notified said plaintiff to enforce collection of said note immediately, or he (said Campbell), would not pay the same, or any part thereof; that after the giving of said note to said plaintiff, he again called on said plaintiff, about three months since, and inquired of him whether said note had been collected; that he was then informed by said plaintiff, that said note was settled up satisfactorily; and that the money loaned on said note was only about three hundred dollars. Both an-

swers were sworn to, and required the plaintiff to reply under oath.

The plaintiff filed separate replications. The reply to the answer of Wright denied the payment as alleged; admitted payment of a portion of the interest; and averred that the principal of said note was still due him from the defendants. This replication was sworn to by one James C. Savery, who states in his affidavit, that he has for a long time had charge of the business and office of the plaintiff, and is possessed of equal information with the party himself, in relation to the payment of interest upon the note in suit; and that he had had personal conversations with the defendants, and from Wright's own statements, in the office of the plaintiff, knows the allegations in the replication to be true.

The reply to the answer of Campbell was sworn to by the plaintiff, and alleged that the plaintiff had not sufficient knowledge or information to form a belief as to whether the said Campbell signed the said note as security for said Wright, and for that reason cannot admit or deny the said allegation; that he denied that plaintiff had any knowledge that said Campbell signed said note as security; that he had no sufficient knowledge, information or belief, as to whether or not the execution and indorsement of said note was to enable the said Wright to borrow a certain sum of money, at about three and a half per cent. per month, in avoidance of the usury laws, and he cannot, therefore, specifically admit or deny the said allegation; that he purchased the said note before the same became due; that the plaintiff admits that about six months ago said Campbell called upon the plaintiff, and verbally requested him to sue said Wright, as alleged in the answer; that this plaintiff then told said defendant, that he and said Wright were joint makers of said note, and if he wanted Wright sued, he could take up the note and sue him himself, which said Campbell declined to do; that the plaintiff has no knowledge as to the solvency of the said Wright; that he denies that after the giving of said note,

the said Campbell called on this plaintiff, and inquired if said note had been settled, and was then informed that said note was settled up satisfactorily ; and that he denies that the said note has been paid.

The replication of the plaintiff to the answer of Campbell, was filed at the June term, 1857. At the October term, 1857, a subpœna for the said plaintiff, requiring him to appear and testify at that term, on the part of the defendant, having been previously issued, and returned "not found" as to the said plaintiff, the defendant applied for a continuance of the cause, on account of the absence of the said plaintiff. As a ground for the application, the defendant filed his affidavit, alleging that he expected to be able to prove by said witness, the matters alleged in his said answer, setting them out ; that he knew of no other witness by whom he could prove the same facts ; and that the application was not made for delay, but to obtain justice.

The application for a continuance having been overruled, the parties proceeded to trial. The plaintiff offered in evidence a note signed by the defendants, to which the defendants objected, on the ground that the copy of the note appended to the petition, purported to be signed only by said Wright. The plaintiff asked leave to amend the petition, so far as to affix the name of the defendant, Campbell, to the copy of the note, in order that the same might correspond with the one offered in evidence, in support of which application, J. M. Ellwood, one of the attorneys, stated professionally that he had seen the name of the said Campbell on said copy of said note. The court being of opinion that the name of the defendant had been worn off the said copy of the note, by the frequent handling of the papers, permitted the amendment to be made, and thereupon allowed the said original note to be offered in evidence, to which ruling the defendant excepted.

The defendant offered himself as a witness, after showing that a subpœna had been issued for the plaintiff, and returned not served. The plaintiff objected, which objec-

tion was sustained, and the defendant was not permitted to testify, to which ruling he excepted. The defendant asked the court to instruct the jury as follows:

I. That if the jury shall find from the pleadings and evidence, that the said Campbell signed said note as security only, and that the said Stevens had notice of the same from Campbell, or otherwise, and that the said Stevens still held said note, and refused to secure the same of said Wright, and that the said Wright was solvent at that time, then the said Campbell is not chargeable for the amount of said note.

II. That if the jury shall find that the said Campbell was only security for the payment of said money, and that the same was known to the said Stevens; and that said Stevens was notified by Campbell to secure the same of Wright, or that he (Campbell) would not be holden, then if said Stevens offered to suffer said Campbell to pay off the said note, it was not such an act on the part of said Stevens as to save his right of action against Campbell, in case of the insolvency thereafter of the principal in said note.

These instructions the court offered to give, with an addition, as follows: "Provided that the notice was in writing," which amendment was objected to by the defendant, and the instructions were refused.

The jury having returned a verdict for the plaintiff,. as follows: " We, the jury, find for the plaintiff, for the note and interest," the court referred the cause to the clerk, for the assessment of damages, who having reported the same at $405,90, judgment was rendered against the defendants for that amount, with costs. A motion for a new trial was, overruled, and the defendant, Campbell, appeals. The errors assigned, embrace the rulings of the court above set forth.

*Bates & Phillips*, for the appellant.

*J. M. Ellwood*, for the appellee.

STOCKTON, J.—The application for a continuance was properly overruled. The matters in dispute between the plaintiff and the defendant, Campbell, had been fully set forth in Campbell's answer, and the plaintiff had been required to reply thereto under oath. His replication setting forth his knowledge, information and belief, was duly filed, and defendant was entitled to use it upon the trial. If deemed inexplicit, or insufficient, the defendant should have applied to the court to have the same made more full and complete. But having called for a replication to be given under oath, after the same was duly given, the defendant was not entitled to a continuance, in order to procure the attendance of the plaintiff as a witness, to testify concerning the same matters already embraced in his sworn replication. The affidavit for a continuance, does not allege any other matter expected to be established by plaintiff's testimony, if present and examined as a witness, than such as he had already stated on oath, all his knowledge and belief concerning.

As it was shown to the court that the copy of the note sued on, attached to the petition, contained, when first filed, the name of the defendant, Campbell, and that the said name had become defaced and illegible by frequent handling of the papers, there was no impropriety in the permission given by the court to the plaintiff, to amend the copy upon the trial, so as to make it conform to the original.

The court correctly refused to permit the defendant, Campbell, to be sworn as a witness. If the *subpœna* issued had been duly served upon the plaintiff, and he had failed to appear and give testimony, it might be worth while to inquire, whether the writ itself was such an one, as to entitle the defendant, upon the failure of the plaintiff to obey it, to a continuance, or to be sworn himself as a witness, or to have his pleading ordered to be taken as true. As the writ issued, however, was not served on the plaintiff, there can be no pretence that the defendant was en-

titled to the relief he might have claimed under sections 2421 and 2422 of the Code, provided plaintiff had been duly *subpœnaed*, and had failed to appear and give his testimony.

Since the taking effect of the Code, the notice required to be given by the surety to the holder of a promissory note, to proceed by suit against the principal, must, in order to release the surety from liability, in case of the subsequent insolvency of the principal, be given in writing. Code, section 970.

The cause having been submitted to the jury, they returned a verdict as follows: " We, the jury, find for the plaintiff, for the note and interest." The court then directed the clerk to assess the plaintiff's damages, and the clerk having reported the amount to the court, judgment was rendered in favor of the plaintiff for $405,90. It is objected by the defendant, that the verdict of the jury was such that no judgment should have been rendered upon it; that it was error to direct the clerk to assess the plaintiff's damages, or to render judgment on such assessment; and that the damages should have been ascertained by the verdict of the jury. It is provided by the Code, (section 1788), that where the action is for the recovery of money only, the jury shall assess the amount of the recovery. But the verdict is sufficient in form, if it expresses the intention of the jury; and it may be put in proper form by the court, if necessary. Sections 1789 and 1790. In this instance, we regard the action of the court, as nothing more than reducing the verdict of the jury to proper form. It would have been more strictly regular, for the court to have directed the jury to ascertain, in dollars and cents, the amount of the damages. But their intention is sufficiently indicated by the language of the verdict. *Mc-Gregor, Lawes & Blakemore* v. *Armill*, 2 Iowa, 30. When there is a judgment by default in favor of the plaintiff, if the action is for a money demand, and the amount of the proper judgment is a mere matter of computation, the clerk may assess the damages. Section 1828.

The jury in this case had determined the material question at issue between the parties, in favor of the plaintiff, "that he ought to recover his damages;" and upon the verdict as it stands, even according to the strictness of the common law, the plaintiff was entitled to an interlocutory judgment of "*quod recuperet.*"   The only question then would be, whether the court should have impanneled another jury to inquire of the damages.   Ordinarily, where there is an issue of fact tried by a jury, the jury, at the same time that they try the issue, assess the damages.     Stephens on Pleading, 139.  But we think the interlocutory judgment to which the plaintiff was entitled, upon the verdict as it stood, was at least of equal validity with a judgment by default, as provided by the Code; and that it might well direct the damages to be assessed by the clerk, and award final judgment for the amount so ascertained.

Judgment affirmed.