EDWARDS v. McCADDON et al.

1. **Mechanic's lien:** STATUTE OF LIMITATIONS: SOLDIER. Section 1865, Rev., 1860, makes it necessary, in order to preserve and perfect a mechanic's lien, to commence an action on the claim within nine months after the filing of the same: *Held*, that under chapter 113, section 1, Laws of 1862, and chapter 11, section 4, Laws extra session of 1862, this statute ceased to run in favor of a soldier against whose property a claim for a lien was filed during the time such property was exempt from attachment, levy, sale or lien by virtue of said act.

2. **Statute of limitations:** REMEDY. Statutes of limitation pertain to the *remedy* and not to the *essence* of the contract; and an act extending the time for bringing an action is valid as to existing contracts.

3. **Verdict:** MODIFYING AND REFORMING. To justify a court in modifying or reforming a verdict, or in changing its form so as to effectuate the intention of the jury, it must have certain and unmistakable data in the case upon which to base its action.

*Appeal from Johnson District Court.*

MONDAY, JUNE 18.

ACTION to enforce mechanic's lien. The contract for the work was made in August, 1859, and the work was then commenced. It was completed, as claimed, December 9, 1862. The account, description and claim for mechanic's lien was duly made, verified and filed, March 6, 1863. This suit was brought, May 9, 1864. The defendant,

·McCaddon, for whom the work was done, entered the United States military service on September 1, 1862, and was discharged in October, 1863. The defendant, Denton, purchased and paid for the real estate, on which the house was built and the lien sought, on the 13th day of February, 1864.

The questions of fact as to the value of the work and claim for damages by the defendant, McCadden, for defects and delay, were tried to a jury. The verdict returned was for plaintiff, for "two hundred and thirty dollars, with six per cent interest."

On motion of the plaintiff, the court reformed the verdict so as to make it read "with six per cent interest from December 9, 1862," and rendered judgment thereon for two hundred and seventy-two dollars and fifty cents, and decreed the same to be paramount to defendant Denton's title, and established the mechanic's lien. The defendants made the necessary motions, which were overruled and excepted to. Defendants appeal.

*Edmonds & Ransom* and *Rush Clark* for the appellants.

*Fairall & Boal* for the appellee.

COLE, J. — It was necessary for the plaintiff, in order to secure his mechanic's lien, to file his account for the work,

1. MECHAN- materials, &c., with a description of the property
IC'S LIEN:
statute of to be charged with the lien, duly verified, within
limitations:
soldier. ninety days after the work was completed. Revision, § 1851. This was done. It was also necessary in order to preserve and perfect the lien, that suit should be commenced on such claim, within nine months from filing the account, and prosecuted without any unnecessary delay to final judgment. Revision, § 1865. This was not done; the account was filed March 6th, 1863, and the suit was not commenced till May 9th, 1864.

But, by an act approved April 7th, 1862, and passed at the regular session of the Eighth General Assembly, Laws of 1862, chapter 113, section 1, page 128, it was provided that property of Iowa volunteers should be exempt from levy or sale on execution, trust deed, mortgage, decree, or judgment, during and for four months after the termination of their service. By chapter 11, section 4, page 10, of acts of special session of 1862, it is provided that the statute of limitations or the provisions of law, limiting the time within which actions may be commenced, shall cease to run in favor of any such soldier, and his surety during the time their property is exempt from attachment, levy, sale, or lien by virtue of the act last mentioned.

There is no question that, by the terms of these two acts, the limitation of nine months for commencing suit to enforce the lien, did not begin to run until after McCaddon's discharge from the military service, which was in October, 1863, and therefore, by the terms of these acts, if they are valid, the action is not barred.

But it is insisted that this act, extending the time for bringing such suit, is in violation of the Constitution, for that it impairs the obligations of the contract. In this view we cannot concur. Statutes of limitation pertain to the *remedy* and not to the *essence* of the contract. Sedg. on Stat. and Const. Law, 658, 659 and 691, and authorities there cited. This act extending the time for bringing such suits is valid, and by its provisions and the facts shown in this case, the suit was commenced in proper time.

2. ——
remedy.

II. In order to justify a court in modifying or reforming a verdict, or putting it in form so as to effectuate the intention of the jury, it must have certain and unmistakable data in the case upon which to base its action.

3. VERDICT: modifying and reforming.

In this case the plaintiff claimed in his petition a much

larger sum than the verdict of the jury, and the defendant McCaddon by his answer claimed a set-off equal to the plaintiff's demand. There was evidence tending to sustain these conflicting claims, and the jury found for the plaintiff, "two hundred and thirty dollars, with six per cent interest." Whether the jury intended to find interest from the completion of the work, or only from the date of rendering their verdict, there is no certain data in the case from which to determine. It was error therefore for the court to reform or change the verdict so as to give the plaintiff interest on the amount returned by the jury, from December 9th, 1862, the time of completing the work (as claimed by the plaintiff, but not admitted by defendant), up to the date of the rendition of the verdict. See *Frommee* v. *Jones*, 13 Iowa, 474, and authorities there cited.

But the plaintiffs' counsel ask that in case we shall hold the action of the District Court, in this particular, to be erroneous, that they be permitted to remit the excess of the judgment over the verdict.

This will be allowed. The judgment of the District Court will therefore be so modified as to make it for the sum returned by the jury — two hundred and thirty dollars; with six per cent interest from that date; and the judgment so modified will be affirmed at the costs of the appellee.

Affirmed.