## GRAY v. SPANTON.

Statute of limitation: OPERATION OF. The period of exemption granted to persons in the military service is not to be included in computing the statute of limitations, and the time of service and exemption of such persons should be deducted in actions against them. Chapter 12, Laws Extra Session, 1862.

*Appeal from Linn Circuit Court.*

MONDAY, DECEMBER 18.

ACTION ON NOTE. Trial by the court. Judgment for plaintiff. Defendant appeals. The further facts appear in the opinion.

*Thompson & Davis* for the appellant.

*J. B. Young* for the appellee.

MILLER, J. — The defense relied upon is the bar of the statute of limitations. The note sued on is dated August 23, 1858, payable sixty days after date for $32.80, and is negotiable. This action was commenced January 14, 1871, a little over twelve years after the note became due. To avoid the bar of the statute, the plaintiff alleges that the defendant was in the military service of the United States, and absent from the State for a portion of this time.

The court below found that the defendant was absent from the State in the military service of the United States from 1861 to 1865, except about three weeks, when he was back on veteran furlough; that before entering the army defendant made his home with and lived in the family of John Ellison, in Linn county, Iowa, a part of whose farm he had been working on the shares; that when defendant went into the army he left with Ellison two or three horses, a wagon and some other personal property, which remained with Ellison all the time defendant was in the army; that when defendant was discharged from the army he again made his home with Ellison for about one year; that he was a single man until about one year after he returned from the army; that the note has not been paid.

By chapter 113 of the Laws of 1862, which took effect April 16, 1862, the individual property of every volunteer soldier from the State of Iowa in the military service

of the United States, not above the rank of captain, was exempt, during the time of such service and for two months thereafter, from levy or sale under any deed of trust or mortgage, or under any execution or order of sale upon any judgment or decree rendered or to be thereafter rendered in any of the courts of the State.

This act was amended by chapter 12, Laws of extra session of 1862, extending the exemption to property of every soldier from Iowa in the military service of the United States, whether he was so as a volunteer or otherwise, from being levied upon or held by writ of attachment or other process issuing from the courts of this State; and the fourth section of the act provides that "the statute of limitations or the provision of law limiting the time within which actions may be commenced shall cease to run in favor of any such soldier and his surety during the time their property is exempt from attachment, levy, sale or lien, by virtue of the provisions of this act and the act to which this is amendatory." This act took effect September 16, 1862, and by virtue of the above provision the statute of limitations then ceased to run in favor of the defendant. At that time the note was overdue one month and five days *less* than four years. The finding of the court is that defendant was absent from the State in the military service of the United States from 1861 to 1865. At what time in 1865 the defendant returned is not found by the court or shown in the evidence, but, taking the finding to mean that he returned at the beginning of the year 1865, the statute then began to run again. From the 1st day of January, 1865, to the 14th of January, 1871 (when the suit was brought), is six years and fourteen days, which added to the time the statute had previously run would be twenty days less than ten years. The action, therefore, is not barred. See *Edmonds* v. *McCadden*, 20 Iowa, 520.

Affirmed.