JOSEPH WIRUTH, APPELLANT, V. WILLIAM D. LASHMETT ET AL., APPELLEES.

FILED NOVEMBER 9, 1909. No. 15,291.

1. **Appeal:** VERDICT: PLEADING. "A verdict in order to sustain a judgment must respond to the issues made by the pleadings, or to the allegations of the successful party." *Cannon v. Smith*, 47 Neb. 917.

2. ———: ———: REVIEW. Ordinarily, "objections to the form and terms of a verdict should be made in the court below at the time of rendition, in order to be available on error to this court" (*Roggenkamp v. Hargreaves*, 39 Neb. 540), but this rule does not apply where the true issues in a case are ignored and the verdict is incomplete or seeks to dispose of matters not submitted to the jury, and where the verdict itself affords no sufficient basis for a judgment upon the merits of the cause.

3. ———: ———: SUFFICIENCY. In an action for damages for fraud in the exchange of land, it was alleged in the petition that plaintiff had been damaged in a stated sum, and for which he de-

manded judgment against the defendants. It was recited that, as a part of the purchase price in the exchange, plaintiff executed his promissory notes for the sum of $1,400, which was admitted by the answer. The cause was submitted to the jury by an instruction that, if they found for the plaintiff, their verdict should be for the difference in the value of the property received and that given in exchange to the defendants. The jury returned into court the following verdict: "We, the jury in this case, being duly impaneled and sworn, do find and say that we find for the Plaintiff and we fix the amt. of his recovery to-wit: cash for damge $250.00 one promisary note $400.00 (Four Hundred) dollars—one promisary note $1000.00 (one tousand) dollars—one promisary note $600.00 (Six Hundred) dollars with intrest at 8% pr. A. from date this notes were given by Joseph Wiruth to Samuel H. Fritzinger it is understood that the School land leases for N. E. ¼ of S. 36 T. 13 N. of R. 4 in Butler Co. Neb. to be assighned to S. H. Fritzinger." *Held*, That the verdict was a nullity, and that no judgment could be legally rendered upon it.

REHEARING of case reported in 82 Neb. 375. *Judgment of district court reversed.*

REESE, C. J.

This cause is now before the court on rehearing. The former opinion is reported in 82 Neb. 375. The essential facts are stated in that opinion and need not be here repeated.

It is contended by defendants that the two instructions referred to and set out at length in the opinion correctly stated the law, but, even if erroneous, the error was without prejudice, as they related only to the right of plaintiff to recover, and the verdict was in plaintiff's favor upon the issues involved, and therefore he cannot complain. *Hankins v. Majors*, 56 Neb. 299, is cited in support thereof and sustains the contention of defendants. It is true, we think, that the instructions were incomplete, or probably erroneous, but the error, if any existed, was cured by the verdict which was in plaintiff's favor for at least $250, if we assume that the verdict in its entirety could furnish a basis for the judgment. As the judgment will have to be reversed for reasons hereinafter stated, it

is assumed that proper instructions will be given in case another trial is had, and the subject need not be further noticed.

The perplexing question in this case is as to the ability of a court to render a proper judgment on the verdict returned by the jury. It is as follows: "We, the jury in this case, being duly impaneled and sworn, do find and say that we find for the Plaintiff and we fix the amt. of his recovery to-wit: cash for damge $250.00 one promisary note $400.00 (Four Hundred) dollars—one promisary note $1000.00 (one tousand) dollars—one promisary note $600.00 (Six Hundred) dollars with intrest at 8% pr. A. from date this notes were given by Joseph Wiruth to Samuel H. Fritzinger it is understood that the School land leases for N. E. ¼ of S. 36 T. 13 N. of R. 4 in Butler Co. Neb. to be assighned to S. H. Fritzinger." Why the court and the counsel for plaintiff permitted such a verdict to be accepted and filed is not easily understood. We fully recognize the rule so well established in this state that objections to the form and terms of a verdict should be made in the court where it is returned at the time of its rendition, in order to be available in this court, as held in *Roggenkamp v. Hargreaves*, 39 Neb. 540, *Brumback v. German Nat. Bank*, 46 Neb. 540, and *Cervena v. Thurston*, 59 Neb. 343, and, ordinarily, the objection would have to be considered as waived. But, if no judgment could be legally entered, this rule could not be applied. The motion for a new trial was overruled and a judgment was rendered in favor of plaintiff for $2,684.43, the amount being arrived at by a computation made by the court of the principal and interest of the promissory notes referred to in the verdict as having been executed by plaintiff to defendant. The action was at law for damages. The only verdict which the jury could rightfully have rendered would have been for a lump sum. No other question was submitted to them. The court instructed the jury that, if they found in favor of plaintiff, the measure of his damages would be the difference between the actual value of

the property the plaintiff received at the time he received it and the actual value of the property turned over to the defendants at the date the same was so turned over. It is fundamental that a verdict must respond to the issues in the case on trial, and, where it does not do so, it is error to receive it. *Cannon v. Smith*, 47 Neb. 917. But, when received, even without objection, if no judgment can be legally rendered upon it, the motion for a new trial should be sustained. In addition to the verdict for $250 "cash for damge," the jury, without computing interest, recited: "One promisary note $400.00 (Four Hundred) dollars—one promisary note $1000.00 (one tousand) dollars—one promisary note $600.00 (Six Hundred) dollars with intrest at 8% pr. A. from date this notes were given by Joseph Wiruth to Samuel H. Fritzinger." It appears to be conceded that the note for $600 was never delivered to defendants, and was not a legal obligation against plaintiff, and, in fact, had no connection with the transaction out of which this suit arose, and is not referred to in any way in the petition.

In entering up the judgment, the court seems to have taken the place of the jury, entered its findings, computed the interest, and ascertained the amount the verdict should have been for, and entered the result as the judgment. That portion of the entry is as follows: "This cause coming on to be heard by the court upon the verdict and for judgment, the court finds on the verdict that there is due the plaintiff in cash $250.00, $1,706.43 the amount due on the two notes given by plaintiff on April 16, 1904, one being for $400.00, and the other being for $1,000.00, together with interest on each at 8% per annum from their date to this date, being $306.43, and making the total sum due on said two notes $1,706.43, also a note of $600.00 given by plaintiff, with interest on the same at the rate of 8% per annum from its date, May 11, 1904, in the sum of $128.00, and making the total sum of $728.00, and the total several sums as follows: $250 cash; $400

22

note dated April 16, 1904; $1,000 note dated April 16, 1904; $306.43 interest on said two notes April 15, 1904, to Jan. 11, 1907, 8%; $600 note dated May 11, 1904; $128 interest on same May 11, 1904, to Jan. 11, 1907, 8%; $2,684.43, total amount found due plaintiff from defendants under verdict. The court further finds under the evidence that the leases of N. E. ¼ 36-13-4 from the state have been canceled and it is impossible for plaintiff to assign the same and that the same was without the issues in this case, and the verdict in that respect is invalid and held to be surplusage. To all of which plaintiff excepts. It is considered and adjudged by the court that plaintiff have and recover from the defendants the total sum of $2,684.43; $250 of said sum to bear interest at the rate of 7% from this date, and $2,434.43 to bear interest at the rate of 8% from this date, and that plaintiff recover the costs of this action taxed at $118.58. To all of which plaintiff excepts.".

It is probably true that, had the action been founded upon the promissory notes referred to in the verdict, the court could have made the computation of interest and entered judgment for the correct amount and the judgment have been legal (*Corcoran v. Halloran,* 20 S. Dak. 384), but that is not this case. None of the notes are set out in the petition. The execution of the notes for $400 and $1,000 are mentioned as having been given as part of the purchase price for the leases transferred to plaintiff, but, as we have seen, no reference is made to the note for $600, nor do we find any reference to the northeast quarter of section 36, township 13, range 4, referred to in the verdict. There is no demand based upon any of the notes. No copies of the notes are attached to or in any way made part of the petition. None of them were introduced in evidence, nor are they found in the record by copy or otherwise. The answer admitted that the two notes for $400 and $1,000, respectively, formed a part of the purchase price, but nothing further was said about them in the pleadings,

"A general verdict is that by which they (the jury) pronounce, generally, upon all or any of the issues either in favor of the plaintiff or defendant." Code, sec. 292. "When by the verdict either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of recovery." Code, sec. 295. It seems to be the rule that if an action is founded upon a promissory note or other evidence of indebtedness, if the jury find the amount of the principal debt and it is shown by the verdict that interest is to be computed, the court may, in aid of the verdict, compute the interest and render judgment for the amount due, but in doing so the court cannot go outside of the verdict. If in making the computation the court would have to look into the evidence for its basis, it cannot make the computation. In other words, the verdict alone must fix the basis. *Fryberger v. Carney,* 26 Minn. 84; *Bruck v. Mausbury,* 102 Pa. St. 35; *Fries v. Mack,* 33 Ohio St. 52; *Oates, Adm'r, v. Nickell,* 42 Mo. 169; *Poulson v. Collier,* 18 Mo. App. 583; *Fromme v. Jones,* 13 Ia. 474; *Watson v. Damon,* 54 Cal. 278; and other cases cited in 29 Am. & Eng. Ency. Law (2d ed.), 1018, note 1; *National Cash R. Co. v. Price,* 41 Ind. App. 274; *Pressed Steel Car Co. v. Steel Car Forge Co.,* 149 Fed. 182; *Wootan v. Partridge,* 39 Tex. Civ. App. 346. We have been unable to find any case in this state where this identical question has been passed upon, but in construing and applying the section of the code above quoted this court has, seemingly, been inclined to hold that computation of interest is for the jury alone. *Wiseman v. Ziegler,* 41 Neb. 886. See, also, *Bowers v. Rice,* 19 Neb. 576; *Lamb v. Briggs,* 22 Neb. 138.

Since the jury failed to pass upon the issues submitted and returned a verdict upon which no judgment could be legally rendered, the judgment of the district court is reversed and the cause is remanded to the said court for further proceedings.

REVERSED.