MRS. L. M. HUNTER, Appellee, v. EMPIRE STATE SURETY COMPANY, Appellant.

**Damages:** VERDICT: INTEREST. To justify the court in reforming a verdict by the addition of interest there must be certain and definite data on which to base its action; and where the jury was instructed to allow interest, and the evidence was such that they may have included it in their verdict, the presumption is that they did so and the court was not authorized to add it again.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

THURSDAY, MARCH 13, 1913.

APPELLEE brought this action to recover for loss alleged to have been suffered by her on account of the alleged theft of property covered by a policy of burglary insurance. There was a judgment for plaintiff. Defendant appeals.—*Modified and Affirmed.*

*Miller & Wallingford* and *Oliver H. Miller,* for appellant.

*Clinton L. Nourse,* for appellee.

PRESTON, J.—The only matter complained of by appellant is that the trial court allowed interest on the verdict.

The material facts bearing on this question are that plaintiff in her petition asked judgment for $2,772, with interest thereon at 6 per cent. per annum from September 25, 1909. The evidence was to the effect that the property was stolen on September 25, 1909. The policy provided that any loss should be payable immediately upon the submission of proofs of loss. The proofs of loss were received by defendant November 20, 1909. The court instructed the jury: "If you find by a preponderance of the evidence that on or about the *25th day of November, 1909,* some one entered the premises of the plaintiff and stole property therefrom which belonged to the plaintiff, and which was covered by this policy, then your verdict will be for the plaintiff." And further: ".  .  .  To the amount you so find you will add interest at 6% from *November 20, 1909,* to this date, and this sum shall be the amount of your verdict." Some of the above dates are not correctly stated. June 6, 1911, a sealed verdict was returned, which upon being opened the next morning was found to read as follows: "We, the jury, find for the plaintiff and fix the amount of her recovery at *$1,850 at 6% interest.*" The italicized part was written in by the jury; the balance being on a typewritten form submitted by the court. In its motion for a new trial defendant objected to interest being allowed on the verdict in this way: "If for any reason this motion should be overruled, the defendant shows to the court that judgment should not be entered in this case on the verdict returned for more than $1,850, for the reason that, if the verdict in this case was or is irregular or improper in form, the court could require the jury to reform it or place it in proper form, but the court cannot change or vary the verdict, and, if judgment be rendered against the defendant, it should be rendered for but the sum of $1,850." The motion for a new trial was overruled, and on July 13, 1911, judgment was rendered against the defendant for the sum of $1,850, with interest at 6 per cent. *per annum from the 20th day of November, 1909.* and for

costs, and the defendant excepted. The interest so added amounted to about $175. The evidence is before us, and is such that a verdict for any amount between $1,600 and $2,050 would have support.

I. The statute provides the verdict of the jury shall be sufficient in form if it expresses the intention of the jury Code, section 3731. And it is the duty of the court to put the verdict of the jury in form if necessary. Code, section 3732. Appellee contends that a court is justified in modifying or reforming a verdict, or putting it into form so as to effectuate the intention of the jury wherever there is certain and unmistablable data in the case upon which to base such action (and cites *Edwards v. McCaddon*, 20 Iowa, 520; *Stevens v. Campbell*, 6 Iowa, 544; *McGregor v. Armill*, 2 Iowa, 30) ; that in arriving at the intention of the jury it is proper to look at the nature of the case, the issues made, and the language used by the jury. *Cassel v. Western Stage Co.*, 12 Iowa, 49; *Armstrong v. Pierson*, 15 Iowa, 477; *Fromme v. Jones*, 13 Iowa, 483. The correctness of these rules is not disputed. Counsel for plaintiff also insists that as the court required the jury to find the market value of the property the evidence was such that the jury could not have found the value to be less that $1,850, and that, therefore, it is certain that the jury could not have allowed less than that amount, and that they intended to add interest thereto. We do not so understand the record. The property taken consisted of clothing, teaspoons, and diamonds. There was a difference of opinion of the witnesses as to the values. Counsel say that the lowest valuation put upon all the property was $2,063. The quantity of diamonds was 8¼ carats. Some of the witnesses placed the value as low as $135 per carat, or a total for the diamonds of $1,113.75. Add to this the valuation put upon the clothing and spoons by plaintiff $475, and we have $1,588.75. Some of the clothing had been worn from five to seven years. The opinions of the witnesses on the question of values are not binding on the jury. They may use their own

judgment in such matters in connection with the evidence of the witnesses. *Hoyt v. Railway,* 117 Iowa, 296; *Converse v. Morse,* 149 Iowa, 454. It appears, then, that the jury could have found the value in such amount that if interest was computed by them and included in the verdict it would not exceed $1,850. The jury was instructed to include interest in the verdict, and the presumption is that the jury followed the instructions of the court. It appears to us it cannot be said they did not do so. If they did include interest, it should not be added again. If the suit had been on a note providing for the payment of a fixed and certain sum, or if there had been a special verdict fixing the value of the property taken at a certain amount, or if the jury had said by their verdict "$1,850 with interest at 6 per cent. from November 20, 1909," then there would have been certain and unmistakable data upon which to base the action of the court in putting the verdict in form or reforming it. In this case the court did not require the jury to put their verdict in form, nor did the court itself do so, and compute the interest, but simply added to the verdict the date from which the interest should be computed. The case of *Edwards v. McCaddon,* 20 Iowa, 520, seems to be directly in point. In that case it was said that: "In order to justify a court in modifying or reforming a verdict, or putting it in form so as to effectuate the intention of the jury, it must have certain and unmistakable data in the case upon which to base its action. In this case the plaintiff claimed in his petition a much larger sum than the verdict of the jury; and the defendant McCaddon by his answer claimed a set-off equal to the plaintiff's demand. There was evidence tending to sustain these conflicting claims, and the jury found for the plaintiff, 'two hundred and thirty dollars, with six per cent. interest.' Whether the jury intended to find interest from the completion of the work, or only from the date of rendering their judgment, there is no certain data in the case from which to determine. It was error, therefore, for the court to reform or change the verdict so as to give

the plaintiff interest on the amount returned by the jury.'' In *McGregor v. Armill*, 2 Iowa, 30, and *Stevens v. Campbell* 6 Iowa, 544, the actions were based upon promissory notes, so that the amount could be definitely determined. Without attempting to review the authorities the following may be cited as sustaining the proposition decided in the *Edwards* case: *Fromme v. Jones*, 13 Iowa, 474; *Meeker v. Gardella*, 1 Wash. 139, (23 Pac. 837) ; *Buice v. McCrary*, 94 Ga. 418, (20 S. E. 632) ; *Fryberger v. Carney*, 26 Minn. 84, (1 N. W. 807) ; *Lashua v. Markham*, 21 R. I. 492, (44 Atl. 804) ; *Wiruth v. Lashmett*, 85 Neb. 286, (123 N. W. 427) ; 22 Am. & Eng. Encyclopedia Pleading & Practice, 920.

Our conclusion is that the verdict is too indefinite to justify the addition of interest, and that it cannot be determined that interest was not, in fact, included in the verdict. That the words ''at 6% interest'' in the verdict should be treated as surplusage. The judgment of the district court will be so modified as to make it for the sum returned by the jury —$1,850—with 6 per cent. interest from the date of the verdict, and the judgment so modified will be affirmed, at the cost of the appellee.

*Modified* and *Affirmed.*