KELLER-KOHN COMPANY, Appellee, v. WARREN W. LEE, Appellant.

**TRIAL: Interpretation of Verdict.** Judgment on a general verdict for the full amount of plaintiff's claim is justified when plaintiff's claim is fully admitted by the pleadings and when the jury returns its verdict in the particular form directed by the court in case the jury concludes that nothing is due on the counterclaim.

*Appeal from Shenandoah Superior Court.*—FREDERICK FISCHER, Judge.

SEPTEMBER 20, 1924.

ACTION on a foreign judgment, aided by attachment. Defendant counterclaimed for damages based on wrongful attachment. The jury found for plaintiff. From judgment entered on the verdict, defendant appeals.—*Modified and affirmed.*

*Ferguson, Barnes & Ferguson,* for appellant.

*L. H. Mattox* and *W. E. Mitchell,* for appellee.

ARTHUR, C. J.—I. The petition alleged a judgment in the amount of $1,000, entered July 13, 1922, bearing interest at 7 per cent, and costs in the amount of $20.30, rendered by a Nebraska court of competent jurisdiction, and demanded judgment thereon. The petition also alleged statutory grounds of attachment, and a writ was issued and levied upon the property of defendant.

In his answer, defendant admitted the judgment declared on, denied the grounds of attachment, and filed a counterclaim for damages for wrongful attachment. Plaintiff replied, denying allegations of the counterclaim, with certain admissions, and averring reasonable grounds to believe that the grounds existed for attachment as stated in its original petition. Thus, briefly stated, were the issues on which the case was tried.

The verdict returned was:

"We, the jury, find for the plaintiff, Keller-Kohn Company."

After the verdict was returned, defendant moved for judgment in his favor and against plaintiff for costs, on the theory that the jury had allowed defendant's counterclaim up to and beyond the amount of the foreign judgment sued on. Plaintiff moved the court to enter judgment on the verdict for the amount of the foreign judgment sued on, with interest and costs. Defendant's motion for judgment was overruled. Plaintiff's motion for judgment was sustained. Thereupon, the court entered judgment for plaintiff against defendant for the sum of $1,140.55, being the amount of the foreign judgment, with interest and costs, and, by mistake in computation, for $82.93 more. The $82.93 excess will be alluded to later.

II. No exceptions to instructions were taken, and no motion for new trial was filed. The only question presented on this appeal, as we view the record, is the authority of the court to enter the judgment which was entered on the verdict.

The contention of appellee is that, under the pleadings, the instructions of the court, and the verdict returned, the court had authority to enter the judgment now complained of. Appellant maintains, as we understand him, that the proper interpretation of the verdict is that it was a finding for him on his counterclaim

for damages equal to and in excess of plaintiff's claim, and that there was no authority for entering judgment on plaintiff's claim, but that judgment should have been entered dismissing plaintiff's petition, and for costs against plaintiff.

III.   After stating the issues, in which the court correctly told the jury that "defendant admits the judgment referred to in plaintiff's petition, but alleges a counterclaim against the plaintiff," he gave Instruction No. 1, as follows:

"The jury are instructed that the defendant admits that he owes the debt sued on by the plaintiff, Keller-Kohn Company, but alleges that the plaintiff wrongfully attached his property, and that he has been damaged in a large sum on account thereof.  The question for your determination, therefore, will be: First, was the attachment wrongful; and if wrongful, was the defendant damaged thereby; and if damaged, what was the amount of the defendant's damage?"

Instruction No. 12 read:

"You are instructed that the court will submit to you two forms of verdict: the first form being one in which you will find for the plaintiff, and giving the defendant no damages on his counterclaim.  In the second form, if you so find, you will indicate and fix the amount which you find that the defendant, Warren W. Lee, was damaged, if any, by the wrongful attachment, if you find the same was wrongful."

The verdict returned was in the first form submitted: "We, the jury, find for the plaintiff, the Keller-Kohn Company."

The only issue submitted to the jury was on the counterclaim, and such was the only issue presented by the pleading, and the only issue in evidence.  Under the theory on which the case was tried, as disclosed by the record before us, and the instructions of the court, the verdict returned was the only verdict that could have been rendered, in plaintiff's favor.

It would have avoided confusion, and been in better form, if the court had instructed the jury to find for plaintiff on the foreign judgment sued on for the full amount due thereon, calculating the amount due thereon and stating the amount; and that, if the jury found for the defendant on his counterclaim and such finding was in a smaller amount than plaintiff's claim,

said amount so found on the counterclaim should be subtracted from the amount of plaintiff's claim, and verdict returned in favor of plaintiff for the difference; but that, if the amount found on the counterclaim were in excess of the amount due plaintiff, they should find a verdict for defendant for such excess amount. But instead, the court submitted the issues of the counterclaim alone. Evidently the trial court assumed that, plaintiff's claim having been admitted by defendant, the only issue in the case was upon the counterclaim, and that it was unnecessary to require the jury to specifically find for plaintiff upon its cause of action. Carrying out the manifest theory of both parties in their pleadings and on the trial, the court submitted only the issue presented by the counterclaim, and submitted two forms of verdict. First, "We, the jury, find for the plaintiff, the Keller-Kohn Company." In connection with this form, he told the jury:

"The first form being one in which you will find for the plaintiff, and give the defendant no damages on his counterclaim."

The second form of verdict submitted was:

"We, the jury, find for the defendant, Warren W. Lee, on his counterclaim for damages and fix the amount of his recovery at the sum of $........."

In referring to this second form of verdict, the court instructed:

"In the second form, if you so find, you will indicate and fix the amount which you find the defendant, Warren W. Lee, was damaged, if any, by the wrongful attachment, if you find the same was wrongful."

As we understand counsel for appellant in their argument, they concede that the only issue joined was on the counterclaim. But in the face of that fact, they insist that the jury in fact found for the defendant on his counterclaim in an amount equal to plaintiff's undisputed claim, and that, therefore, there should have been judgment for costs against the plaintiff. The jury used the first form of verdict, and found for plaintiff. If the jury had found that the attachment was wrongful, and that defendant had been damaged, then it would have been bound to

use the second form of verdict. We think it is perfectly clear that the jury did not, by their verdict, intend to, and in fact did not, award the defendant any damages on his counterclaim. We think there could have been no misunderstanding on the part of the jury as to the issue submitted; and we think the jury understood that they were finding for the plaintiff and against the defendant, allowing the plaintiff the amount of its claim which was admitted. While, as above adverted to, the case might have been submitted in a clearer way, the instructions of the trial court were intelligent, and we think the jury understood them, and intended to and did return a verdict for the plaintiff on the whole case.

The substance of appellant's complaints is: That it was error to enter the judgment complained of, for the reason that the jury must show the amount of recovery, if any, in its verdict, and that it did not do so; and that the court had no power to add to or take from any amount fixed by the verdict. We think the complaints not well founded. Under the submission of the case by the instructions, the verdict showed the amount of recovery: that is, it found that defendant was not entitled to recover on his counterclaim, and that plaintiff was entitled to recover upon its cause of action. We think the record clearly shows that the judgment is based upon the verdict and adds nothing to the verdict. Code Section 3731 reads:

"The verdict shall be sufficient in form if it expresses the intention of the jury."

We think the verdict returned meets the requirements of said statute, and is sufficient on which to base the judgment rendered. *Hunter v. Empire State Surety Co.*, 159 Iowa 114.

Defendant relies quite largely for support of his position upon Code Section 3729, which reads:

"When by the verdict either party is entitled to recover money of the adverse party, the jury in its verdict must assess the amount of such recovery."

In the early case of *McGregor, Laws & Blackmore v. Armill*, 2 Iowa 30, we had this proposition before us under a like statute. The suit was on a note. The only issue was whether the note had been executed or not. The jury found for the plaintiff on

the note, without assessing any amount, and the court directed the clerk to compute the amount due on the note, and judgment was rendered by the court for the amount of the note.  We said:.

"We think the court committed no error in directing the assessment and rendering the judgment for the amount.  The action was upon a note, clear and definite as to date, maturity, and interest.  The only issue was the execution or nonexecution of the note.  To this issue, the jury, by the verdict, did respond. The party in whose favor they found, is also distinctly stated. And they also do, for all practical purposes, assess the damages. There is no difficulty in arriving at absolute certainty, from such a verdict.  The mind can have no hesitation in saying that the intention of the jury is expressed, and so expressed that but one judgment could be rendered, and that for an amount definitely ascertained from data which had been found·by the jury.  The form is sufficient, if it expresses the intention of the jury.  Code Section 1720.  [1790.  Same as Section 3731 of our present Code.]  We do not, then, treat the assessment as made by the clerk, but by the jury.  The verdict might have been more formal, but could scarcely be more certain."

We have uniformly held to the same effect.  *Stevens v. Campbell*, 6 Iowa 538; *Cassel v. Western Stage Co.*, 12 Iowa 47; *Fromme v. Jones*, 13 Iowa 474; *Armstrong v. Pierson*, 15 Iowa 476; *Edwards v. McCaddon*, 20 Iowa 520; *Hunter v. Empire State Sur. Co.*, supra; 38 Cyc. 1880; *Lattner Mfg. Co. v. Higgins*, 196 Iowa 920.

IV.  Appellant insists that the case should be reversed and remanded for new trial because the judgment entered is in excess of the amount claimed by plaintiff.  It is conceded by appellee that the amount of the judgment rendered is $82.93 more than the amount claimed.  The mistake in the amount of the judgment is undoubtedly due to error of the clerk of the court in computing the amount due on the foreign judgment.  We think this does not signify that the verdict is excessive.  The verdict passed on the counterclaim only.  The judgment to which plaintiff was entitled is definite and certain from the record. Appellee consents that the judgment be reduced in the amount of $82.93.  No exception was taken to the verdict, and only a

general 'exception was taken to the judgment. Attention of the trial court was not called to the fact that the judgment was in excess of the amount claimed by plaintiff, and the court had no opportunity to make the correction. While the point, not having been called to the attention of the trial court, may not be considered here (*Patton v. Lund*, 114 Iowa 201), the mistake in calculation being conceded by appellee, the judgment should be reduced in the amount of $82.93; and it is so reduced, and the clerk of the district court is hereby directed to reduce the judgment, as of the date of the judgment, in said amount.

As thus modified, the judgment of the trial court is affirmed, without taxation of costs to appellee.—*Modified and affirmed.*

EVANS, FAVILLE, and VERMILION, JJ., concur.