(57 Misc. Rep. 372)

## FLEMING v. JACOB.

(Supreme Court, Special Term, Westchester County.　March 20, 1907.)

**1. INTEREST—COMPUTATION—DEMAND FOR PAYMENT.**

    One recovering on a quantum meruit for work and materials for the amount of his claim is entitled to interest thereon from the date of demand for payment thereof.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, §§ 95, 105.]

**2. TRIAL—VERDICT—CONSTRUCTION.**

    A verdict for the full amount of plaintiff's claim on a quantum meruit for work and materials should be construed by the court and entered by the clerk as including interest from the date of the demand for payment thereof.

**3. SAME—AMENDMENT—AUTHORITY OF COURT.**

    The court at Special Term, though held by the justice presiding at the Trial Term, which has ended, has no authority to amend a verdict for the full amount of plaintiff's claim on a quantum meruit by allowing him interest from the date of his demand for payment.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 799.]

Action by Charles E. Fleming against Robert Jacob. On motion to amend the verdict rendered at trial term. Denied.

Henry R. Smith, for plaintiff.

David Carll, for defendant.

MILLS, J. This is an action to recover upon a quantum meruit for work performed and materials furnished incidentally. After the completion of the work and the furnishing of the materials a bill was presented to the defendant for the same, and its payment demanded of him on the 30th of September, 1903. Some time afterwards this action was brought. At the trial no notice of the matter of interest seems to have been taken by either counsel or the court until after the verdict of the jury was rendered. That verdict was announced by the foreman in the following words, viz.: "We find for the plaintiff in the full amount of his claim." The clerk, in entering the verdict, did not include in it any interest. Motion is now made by the plaintiff, at a Special Term held by the same justice who held the Trial Term at which this case was tried, such Trial Term having ended, that the entry of the verdict be amended so as to include the interest upon the amount of the plaintiff's claim from the date of its presentation and the demand for its payment, and that the verdict be increased accordingly.

Upon examination of the authorities submitted by the opposing counsel in their very complete briefs, I am satisfied that although the plaintiff's claim, being upon a quantum meruit, was unliquidated, still he was, as matter of law, entitled to interest upon the amount found to be due upon the claim, such interest to be computed from the date when payment of the claim was demanded from the defendant. Sweeny v. City of New York, 173 N. Y. 414, 66 N. E. 101; Carricarti v. Blanco, 121 N. Y. 230, 24 N. E. 284. It therefore follows that the verdict, as announced by the foreman, should have been construed by the court and entered by the clerk as including interest from the date of

103 N.Y.S.—14

such demand, or that interest should have been added to the verdict by the court at Trial Term, upon plaintiff's request.

Had this motion been made at the Trial Term at which the trial was had, its propriety would be clear, and it would have been granted. McAfee v. Dix, 101 App. Div. 69, 76, 91 N. Y. Supp. 464; Lowenstein v. Lombard, Ayers & Co., 2 App. Div. 610, 38 N. Y. Supp. 33. It does not seem to me, however, that the court at Special Term, although held by the same justice who presided at the Trial Term has the power to grant such motion. · The Appellate Division in the First Department recently so held. Duerr v. Consolidated Gas Co., 104 App. Div. 465, 467, 93 N. Y. Supp. 766. In both the McAfee and Lowenstein Cases, above cited, the motion to correct the verdict was made at the same Trial Term. In the Duerr Case there were three defendants, and the verdict as announced was in form in favor of the plaintiff and against one of the defendants; the same being named in the verdict. As it was announced the counsel for the other defendants stated to the court, in substance, that the verdict was in favor of such other defendants, to which the court replied, assenting. The clerk, however, entered the verdict in the exact form in which it was announced. Thereafter at a Special Term held by the same justice who had presided at the Trial Term, the latter having ended, a motion was made to correct the entry of the verdict so as to make it a verdict in favor of the other two defendants, against the plaintiff, as well as in favor of the plaintiff against the one defendant. Such motion was granted at the Special Term; but the Appellate Division, upon appeal, reversed the order granting the motion upon the sole ground that the court at Special Term had no power to make the order appealed from.

This case seems to be a decisive authority against the granting of the present motion.· It therefore is denied.