IN THE

# COURT OF APPEALS

OF THE

## STATE OF NEW YORK,

COMMENCING MARCH 29, 1927.

---

JOSEPH L. PRAGER, Appellant, *v.* NEW JERSEY FIDELITY
AND PLATE GLASS INSURANCE COMPAN ' OF NEWARK,
NEW JERSEY, Respondent. (Actions .Nos. 1 and 2.)

Appeal — attorney and client — services - estoppel — inter-
est — review by Court of Appeals of new findings of fact
made by Appellate Division on reversal or modification —
actions by attorney for services — bill rendered and complaint
served evidence on question of value but no estoppel to deman *1*
for larger amount — award properly reduced to amount
demanded in bills and first complaint — award in second
action made on lower scale than in first increased — interest.

1. The Court of Appeals may review facts found by the Appellate
Division, where that court on reversing or modifying a final judgment
in an action or a final order in a special proceeding, makes new
findings of fact and renders final judgment or a final order thereon.
(Civ. Pr. Act, § 589, subd. 2, amd. L. 1926, ch. 725.)

2. Neither the bill rendered by an attorney for services nor the
complaint, in an action to recover therefor, which complaint has been
amended, can have the effect of an estoppel as to the amount of the
recovery. They are, however, admissions made in circumstances pre-
cluding the likelihood of haste and inadvertence and as such are
high evidence in favor of the client on the question of value.

3. An award in an action by an attorney for services held to have
been properly reduced where it greatly exceeds the plaintiff's own
estimate of the value of his services, as shown by bills rendered to
his client and by his first verified complaint. An award in another
action considered and held as reduced to be inadequate.

4. Interest should be added to the awards. In an action upon an implied contract to recover compensation measured by the value of services, where the recovery is not subject to counterclaim or setoff, interest must be added from the date of the demand even though the amount demanded is greatly in excess of the amount determined to be due.

*Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.*, 217 App. Div. 630, modified.

(Argued February 28, 1927; decided March 29, 1927.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1926, modifying and affirming as modified a judgment in favor of plaintiff en˙ ᵻred upon the report of a referee.

*Samuel Seabᵢ ·y* and *Joseph L. Prager* for appellant. The findings by ᶦhe referee as to the reasonable value of the services were amply supported by the evidence and the reduction of said amounts by the Appellate Division vas not justified. (*Matter of Plimpton*, 186 N. Y. Supp. 257; *Matter of Potts*, 213 App. Div. 62; *Randell* v. *Packard*, 142 N. Y. 47.) The Appellate Division erred in limiting plaintiff's recovery to the amount of his original bills. (*Williams* v. *Glenny*, 16 N. Y. 389; *Stryker* v. *Cassidy*, 76 N. Y. 50; *Sherwood* v. *Hauser*, 94 N. Y. 626.) The Appellate Division erred in striking out the award of interest made by the referee, and in refusing to allow plaintiff any interest on the reasonable value of the services and on his disbursements paid out and advanced for the defendant. (*Blackwell* v. *Finlay*, 233 N. Y. 361; *Breymann* v. *Morris & Cummings Dredging Co.*, 202 App. Div. 464; *De Caricarti* v. *Blanco*, 121 N. Y. 230; *Kervin* v. *Utter*, 120 App. Div. 610.)

*Lyman A. Spalding* for respondent. The findings made by the Appellate Division as to the value of the plaintiff's services are in accordance with the evidence, and they are fully supported by the evidence. They are not

against the weight of the evidence. The findings as to value made by the referee are contrary to the evidence and against the weight of the evidence. The Appellate Division properly modified the judgment entered upon the referee's report. (*Marden* v. *Dorthy*, 12 App. Div. 176; *Parsons* v. *Brown*, 5 Hun, 112; *Bloom* v. *Nat. Savings & Loan Co.*, 152 N. Y. 114; *Smith* v. *Schanck*, 18 Barb. 344; *Grocers Bank* v. *Penfield*, 7 Hun, 279; *Dupont* v. *Village of Portchester*, 204 N. Y. 356; *Hamilton* v. *R. R. Co.*, 53 N. Y. 25; *Maher* v. *C. P., N. & E. R. R. Co.*, 67 N. Y. 52; *Robert* v. *Tobias*, 120 N. Y. 6.) The Appellate Division properly reversed the conclusion of law made by the referee, allowing plaintiff interest on the amounts of the bills rendered in this action from the dates on which bills were rendered and on the amount awarded in excess of the total of the original bills from the date of the amendment of the complaint, and disallowed such interest. (*White* v. *Miller*, 78 N. Y. 393; *Sherwood* v. *Hauser*, 94 N. Y. 626; *Sweeny* v. *City of New York*, 173 N. Y. 414; *Faber* v. *City of New York*, 222 N. Y. 225; *Jackson* v. *City of New York*, 210 App. Div. 115; *Bradley* v. *McDonald*, 157 App. Div. 573; *Dykman* v. *City of New York*, 183 App. Div. 859; *Breymann* v. *Morris & Cummings Dredging Co.*, 202 App. Div. 464.)

CARDOZO, Ch. J.  The actions are by an attorney against a client to recover the value of professional services.

In action No. 1, the plaintiff sued for $21,930.10, made up of $21,585, which was stated to be the value of the services, and $345.10 disbursements. The latter item was afterwards reduced to $200.90, which made the total $21,729.20. During the pendency of the action, plaintiff served an amended complaint in which he fixed the value of the same services at $52,740.10. The referee gave judgment in plaintiff's favor for $30,500 with disbursements, interest and costs. The Appellate Division

reduced the award to $21,729.20, the plaintiff's own estimate of value at the beginning of the action, and gave judgment with costs, but without interest.

In action No. 2, the plaintiff sued for $18,423.73. The referee made an award of $9,500 for services, and $41.96 for disbursements, in all $9,541.96, with interest and costs. The Appellate Division reduced the award for services to $4,500, declined to allow interest, and gave judgment accordingly.

By Civil Practice Act, § 589, subdivision 2 (as amended by L. 1926, ch. 725), this court " may review facts found by the Appellate Division, where the Appellate Division, on reversing or modifying a final judgment in an action or a final order in a special proceeding, makes new findings of fact and renders final judgment or a final order thereon."

We approve the findings of fact made by the Appellate Division in action No. 1. The sum thereby awarded corresponds to the plaintiff's estimate of the value of his own services, not merely in bills rendered to his client, but in a verified complaint. Neither the bill nor the complaint can have the effect of an estoppel (*Williams* v. *Glenny*, 16 N. Y. 389; *Stryker* v. *Cassidy*, 76 N. Y. 50). None the less, they are admissions made in circumstances precluding the likelihood of haste and inadvertence. As such they are " high evidence " (*Williams* v. *Glenny*, *supra*) in favor of the client. The significance of the admissions is heightened when comparison is made between the amount of these bills and that of others previously rendered. We conclude that the recovery was properly reduced.

When we pass to action No. 2, the tests of value are less decisive. The compensation to be paid must bear a due proportion to the compensation payable for like services in action No. 1. Maintaining this proportion, we find the sum awarded by the referee too high and that awarded by the Appellate Division too low. We increase

the award to the extent of $1,500, and place the value of the services at $6,000.

The question of interest remains. The general rule is that a claim for legal services resting on a *quantum meruit* draws interest to be computed from the date of the demand (*Blackwell* v. *Finlay*, 233 N. Y. 361). This rule is plainly applicable to the award in action No. 1. There the defendant has been adjudged to be indebted in the precise amount demanded in the bills and in the original complaint. A closer question is involved in action No. 2 where the demand was greatly in excess of the amount determined to be due. We think that even there, interest is to be added to the amount of the award. This was the ruling in *de Carricarti* v. *Blanco* (121 N. Y. 230), where the plaintiff, suing for $12,000 as the value of his services, obtained an award of $3,568, to which interest was added from the date of the demand. So in *Sweeny* v. *City of New York* (173 N. Y. 414) the claim was in excess of $100,000 (p. 416), and the award was $79,229.13, yet again interest was added (cf. *Stoddard* v. *Sagal*, 86 Conn. 346; *De La Rama* v. *De La Rama*, 241 U. S. 154, 159; *Spalding* v. *Mason*, 161 U. S. 375, 396; *Miller* v. *Robertson*, 266 U. S. 243, 257, 258). There may be distinctions in that respect between actions on the common counts (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135, 140; 1 Chitty, Pleading, 341) and actions where a claim for damages is the basis of recovery (*Gray* v. *Central R. R. of N. J.*, 157 N. Y. 483, 488). Much may be said for a rule of greater uniformity if regard is had to considerations of symmetry and logic. Here as often the considerations that have been controlling have been those of policy and justice (*Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 388; *Tuzzeo* v. *Am. Bonding Co.*, 226 N. Y. 171, 179). Distinctions have thus developed under a pressure that is stronger than the impulse for coherence.

While the dispute as to value was going on, the defendant had the benefit of the money, and the plaintiff was

without it. Interest must be added if we are to make the plaintiff whole (*Van Rensselaer* v. *Jewett, supra*). No doubt there is difficulty in appraising the value of a lawyer's services as there is difficulty often in appraising the services of others. None the less, the standards of general custom and particular practice are not lacking altogether. Both parties appeal to these standards, the defendant as much as the plaintiff, in arguing that this court should affirm the judgment or reverse it. The defendant could have limited its liability for interest by a common-law tender, or by a payment on account without prejudice to the plaintiff's right to recover the excess. If it chose to keep the money, it should pay for what it kept. There would be obvious injustice if interest were to be lost as the result of a slight discrepancy between the claim and the award. The whole subject is beclouded if the right is made dependent upon considerations of more or less. The test is rendered too uncertain to be in truth a test at all. More and more the courts are coming over to the view that in actions on implied contracts to recover for services or property, interest is a concomitant very nearly automatic, and this though the value has been honestly disputed. Interest is now held to be an incident to " just compensation " where property has been taken in the exercise of the power of the government (*U. S.* v. *Rogers*, 255 U. S. 163; *Seaboard Air Line Ry. Co.* v. *U. S.*, 261 U. S. 299). It is no less such an incident where liability has its origin in the obligation of a contract.

Our ruling is limited to the necessities of the case before us. In an action upon an implied contract to recover compensation measured by the value of the services where the recovery is not subject to counterclaim or setoff (*Excelsior Terra Cotta Co.* v. *Harde*, 181 N. Y. 11), we hold that interest must be added from the date of the demand. We do not go into the question of the liability for interest where the cause of action is to

recover damages for the violation of a duty (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Gray* v. *Central R. R. of New Jersey, supra; Faber* v. *City of N. Y.*, 222 N. Y. 255). The rule may then be somewhat stricter. The distinction has a possible justification in common modes of thought and practice. A bill for services is felt to cast the burden on the debtor either to pay what is demanded, or, if dissatisfied, to state how much is due. A claim for damages is felt to be more appropriately a subject for assessment by the courts or by some form of arbitration. Even in such circumstances, one marks a growing tendency to make interest an incident where it might once have been excluded (*Bernhard* v. *Rochester German Ins. Co., supra; Darlington* v. *Gates Land Co.*, 151 Wis. 461; *General Supply & Const. Co.* v. *Goelet*, 241 N. Y. 28, 39). How far the tendency shall be carried is not before us now.

Interest in action No. 1 will run from the dates of demand as fixed in the thirty-eighth finding of fact of the referee's report, and interest in action No. 2 from the service of the summons.

The judgment in each action should be modified in accordance with this opinion and as modified affirmed without costs to either party.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.