In the Matter of RUSSEL S. JOHNSON et al., Appellants. MYRTLE W. KING, as Administratrix of the Estate of ISAAC D. WEST, Deceased, Respondent.

(Submitted June 5, 1931; decided July 15, 1931.)

*Russel S. Johnson* and *Smith Johnson* for appellants. The law was changed on April 4, 1927, allowing interest on unliquidated claims not readily ascertainable by computation. (*Sweeney* v. *State*, 225 App. Div. 606; 251 N. Y. 417.)

*T. W. Southwick* for respondent. The amendment to section 480 of the Civil Practice Act did not change the common law that a claim for legal services resting on a *quantum meruit* draws interest from the time when a demand is made. (*Prager* v. *New Jersey Fidelity Co.*, 245 N. Y. 1; *Blackwell* v. *Finlay*, 233 N. Y. 361; *De Carricarti* v. *Blanco*, 121 N. Y. 230; *White* v. *Miller*, 78 N. Y. 393; *Mygatt* v. *Wilcox*, 45 N. Y. 306; *Sweeney* v. *City of New York*, 173 N. Y. 414; *O'Brien* v. *Young*, 95 N. Y. 428.)

CRANE, J.   The record in this case contains a notice of motion to correct a decree of the Surrogate allowing a claim for professional services in the sum of $670, by adding thereto interest from the 4th day of April, 1927, to the date of the decree.   The remainder of the record consists of a copy of the claim, opinions and decree of the Surrogate, and an affidavit for the petitioner stating that as section 480 of the Civil Practice Act, adopted April 4, 1927, allows interest on unliquidated claims, the Surrogate should add interest from the time said act took effect.   Section 480 reads: " In every action now pending or hereafter brought wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, other than a contract to marry, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded."

The claim presented to the administratrix of the estate of Isaac D. West, deceased, was for legal services rendered up to January 1, 1927.   It was presented October 8, 1930, and after contest, was allowed by the decree of February 20, 1931, in the sum of $670, without interest, as claimed by the petitioner.   No demand was made for the amount of the bill prior to the presentation of the claim to the administratrix on the date October 8, 1930.   Although the lawyer's services terminated January 1, 1927, and there was an implied or express contract to pay the value thereof, the amount could not be ascertained until either the lawyer presented his bill and made a demand or else the claim was determined upon some proceeding.   There was no breach of contract or no failure upon the part of the deceased, or the estate, to pay the bill or to pay for the services rendered, until a demand had been made for a stated amount.   What could the deceased or the estate pay until the lawyer declared or stated his charges?

Thus, the general rule that a claim for legal services resting on a *quantum meruit* draws interest to be computed from the date of the demand. (*Blackwell* v. *Finlay*, 233 N. Y. 361; *Prager* v. *New Jersey Fidelity & P. G. Ins. Co.*, 245 N. Y. 1.)

Section 480, therefore, has no application to this claim, as it was not based upon the breach of the performance of a contract prior to the date of the demand. There was no breach of any contract on January 1, 1927, when the services terminated, or on April 4, 1927, when the amendment to this section 480 took effect. The claim became due October 8, 1930, when, for the first time, a demand was made.

Where a cause of action arises for a breach of contract or to enforce a contract, and the damages are unliquidated, then the old rule that no interest could be added to such damages has been modified by the amendment to this section 480, taking effect April 4, 1927. Whether the Legislature could constitutionally add interest for a time prior to the taking effect of the act is a question which does not arise in this case and need not be considered. (See *O'Brien* v. *Young*, 95 N. Y. 428, 430.)

The order should be affirmed, with costs, and the first and second questions certified by the Appellate Division answered in the negative.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order affirmed, etc.