FIRST INTERNATIONAL PICTURES, INC., Respondent, *v.* F. C. PICTURES CORPORATION and CHARLES H. TARBOX, Appellants.

Fourth Department, May 14, 1941.

*James G. Austin,* for the appellants.

*Jeremiah J. Moriarty,* for the respondent.

CROSBY, P. J. This is an appeal by defendants from an order of the Special Term directing the clerk of the court to add $13.91

interest to the verdict which plaintiff recovered against defendants. The record before us does not contain either the pleadings in the action or the charge of the court, but it is stated in respondent's brief, and not disputed by appellants, that the complaint set forth six causes of action, including one for $1,635 and one for $250, and that the answer, in addition to a general denial, set up a counterclaim for an amount not disclosed. The verdict was in favor of plaintiff for $243.45. More than three months after the rendition of the verdict the Special Term made the order appealed from, increasing the verdict by an amount equal to the interest thereon from the date of the commencement of the action to the date of the rendition of the verdict. The justice presiding at Special Term was not the justice who presided at the trial. The only information furnished to the Special Term, making the order, was contained in an affidavit made by plaintiff's attorney, and that affidavit gave no information that could possibly furnish a basis for a finding that the jury did not consider the matter of interest and include interest in their verdict. The affidavit merely contained a computation of interest on the sum of $243.45 from the date of the commencement of the action to the date of the motion. The plaintiff, moving to amend the verdict, has the burden of showing that the verdict should for some good reason be amended. Section 480 of the Civil Practice Act is ample authority for plaintiff's claim that interest upon its just demand should be included in its verdict, and all the authorities hold that where it is clear that interest was not included by the jury it may be added by the court; but there is nothing in the record to show that the jury was not instructed to include interest in their verdict. In the absence of any showing to the contrary it must be assumed that the court gave, and that the jury obeyed, instructions to include all proper elements of damage in their verdict. (See *Urband* v. *Lubell*, 245 N. Y. 156; *Fleming* v. *Jacob*, 57 Misc. 372, and cases therein cited.)

A correct statement of the law, as I view it, is the following: " The court may and should amend the verdict by computing and adding interest where it is clear that interest should be included, * * * but the court cannot add interest * * * if there is a possibility that the jury have already allowed interest in the amount of recovery fixed in the verdict." (64 C. J. p. 1100, § 900, and cases cited in footnote. See, also, 4 id. p. 766, § 2710; *Hunter* v. *Surety Co.*, 159 Iowa, 114; 140 N. W. 194; *Edwards* v. *McCaddon*, 20 Iowa, 520.)

It is of course not certain that the jury were instructed to include interest in their verdict. But it is also not certain that they were not so instructed. Plaintiff is the one claiming that the verdict

is not the correct result of proper instructions from the court in regard to interest, and upon the plaintiff rests the burden of showing wherein the verdict is wrong. Verdicts should not be impeached as a result of mere guess work.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, without costs.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs.