IRA GROBE, Plaintiff, *v.* MAX KRAMER, Defendant.

Supreme Court, Trial Term, New York County, March 26, 1942.

*Hartman, Sheridan & Tekulsky* [*Thomas I. Sheridan* and *Philip A. Friedman* of counsel], for the plaintiff.

*Klein & Weinberger* [*I. Gainsburg* of counsel], for the defendant.

NULL, J. This is an action in fraud. The jury found for the plaintiff and awarded damages for the value of certain shares of stock of which plaintiff's assignor had been wrongfully deprived. The plaintiff has moved for an order directing that interest from the date of the fraud be added to the amount awarded by the jury.

Despite a background of much controversy, it is no longer open to doubt that interest may be awarded in many actions in tort. (*Wilson* v. *City of Troy*, 135 N. Y. 96.) Interest has been allowed in actions of conversion (*McIntyre* v. *Whitney*, 139 App. Div. 557; affd., 201 N. Y. 526); of trespass (*Weprin & Glass Bldg. Corp.* v. *Rosoff Subway Constr. Co., Inc.*, 269 N. Y. 672); of negligent injury to real property (*Sciaky* v. *Rodgers & Hagerty, Inc.*, 277 N. Y. 483); and of fraud (*Reno* v. *Bull*, 226 N. Y. 546).

The modern trend has been to allow interest where it would serve more completely to indemnify the one aggrieved by the wrong. (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 245 N. Y. 1.) That the claim for damages is unliquidated is not sufficient to prevent the award of interest. All that is necessary is that the claim for damages shall represent a pecuniary loss, which is susceptible of computation with reasonable certainty, or by means of established market values or other generally recognized standards. (*Faber* v. *City of New York*, 222 N. Y. 255, 262.)

In the instant case the damages awarded by the jury were based upon a determination of the value of certain shares of stock in a closely held corporation. There was no market on which these shares were traded and they had no ready market value. There was no evidence of the book value of these shares or of their value upon liquidation or dissolution of the corporation. It is to be considered, therefore, whether a basis, adequate for the determination of damages by a jury, may, nevertheless, be deemed insufficient to permit the award of interest. The principle which upholds a method of computation of value for the purpose of determining damages is not identical with the principle which requires the award

of interest. The proof of the value of property is not restricted to one particular method. Many standards, or combinations thereof, may be used by a jury in assessing damages. The award of interest, however, is founded solely upon the theory that there has been a deprivation of the use of money or its equivalent, and that unless interest be added, the party aggrieved is not made whole. (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co., supra.*) Interest is compensation for the use of money. It can be awarded in connection with the deprivation of property only when the value of that property can be fairly and reasonably established in terms of pecuniary loss. Interest will result only from a status which is in the nature of a debtor and creditor relationship whereby the amount involved is known or reasonably ascertainable by the parties affected. The interest must be an integral part of the debt. (*Chester* v. *Jumel*, 125 N. Y. 237, 254.)

In the case at bar the amount of damages was not computed with reference to any recognized standards of computation or with reference to market values. The determination of the jury was based upon a valuation of the shares of stock, as admitted or consented to, at various times, between the parties, in transactions between them. (*McAnarney* v. *Newark Fire Ins. Co.*, 247 N. Y. 176; *Fletcher* v. *Dold Packing Co.*, 41 App. Div. 30; affd., 169 N. Y. 571.)

The value of the shares of stock was in dispute. The plaintiff submitted one basis for computation; the defendant submitted another. The discrepancy between them was considerable. The amount found by the jury was about one-third of the amount claimed as damages in the complaint. Under such circumstances, it cannot be said that the value of the shares of stock on the day of the commission of the fraud was so fixed and so capable of computation as to require the allowance of interest as an integral part of the damages found by the jury.

While the point was not pressed in this case, I have considered whether, in the light of some of the decisions, the award of interest be a question of law to be decided by the court or a question of fact to be determined by a jury. It seems to me that to hold that interest may be awarded at the option of a jury would be to consider the award of interest in the nature of a penalty. Such a position cannot be justified on the principle of indemnity. If interest is to be a concomitant of damages, then it should be an incident of the liability which flows as a matter of law, and not a factual controversy. (*Prager* v. *New Jersey Fidelity & Plate Glass Ins. Co., supra.*) Section 480 of the Civil Practice Act, applicable to contracts, reflects the rule that the award of interest is a question of law to be determined by the court.

I am of the opinion that the rule established in *Faber* v. *City of New York* (*supra*), even though that was an action based on contract, is applicable to the case at bar. Had the fraud in the instant case been concerned with the deprivation of money, or that which may fairly be said to have been its equivalent, interest would follow as a matter of course. Since, however, the fraud is concerned with property, the requirement that the value of the property be established "by computations alone or by computation in connection with established market values, or other generally recognized standards," must obtain. (*Faber* v. *City of New York*, *supra*, 262.) As the proof is insufficient in that regard, the motion to add interest to the amount of the verdict of the jury is denied.