**FLANAGHAN v. CHARLES H. TOMPKINS CO.**

**No. 10333.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 16, 1950.

Decided April 3, 1950.

Mr. James F. Masterson, Philadelphia, Pa., of the Bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of Court, with whom Mr. Herbert G. Pillen, Washington, D. C., was on the brief, for appellant.

Mr. L. Clark Ewing, Assistant United States Attorney, Washington, D. C., with whom Messrs. George Morris Fay, United States Attorney, Ross O'Donoghue and Joseph M. Howard, Assistant United States Attorneys, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK, and WASHINGTON, Circuit Judges.

PER CURIAM.

This appeal raises the question whether the trial court, sitting without a jury, properly refused to allow interest as an element of damages in an action for breach of contract. The relevant statute is section 2708 of Title 28 of the District of Columbia Code (1940 Ed.), which provides: "In an action to recover damages for breach of contract the judgment shall allow interest on the amount for which it is rendered from the date of the judgment only; but nothing herein shall forbid the jury, or the court, if the trial be by the court, from including interest as an element in the damages awarded, if necessary to fully compensate the plaintiff. In an action to recover damages for a wrong the judgment for the plaintiff shall bear interest. (Mar. 3, 1901, 31 Stat. 1378, ch. 854, § 1185.)"

The contract in this case was one whereby the appellant, plaintiff below, was to do certain excavation work as a subcontractor to the appellee corporation. The appellee had previously made a contract with the Navy Department for the construction of the Naval Training Station at Bainbridge, Maryland. The subcontract provided that the appellant should construct trenches for pipe sewers in earth and rock "with sides as vertical as possible," having a specified bottom width. It was contemplated that the work would be done by blasting. The contract went on to provide that "The amount of earth or rock excavation to be paid for will be the volume in its original position of earth or rock removed, as computed by the method of averaging end

areas." The inspectors for the Navy, together with representatives of the appellant and appellee, prepared contemporaneous estimates of the amount of earth and rock removed, based on sections having perpendicular sides projected upon the specified bottom width. Appellee tendered payment of the amount computed according to these estimates as payment in full. This was refused by appellant, who at all times contended for a larger payment than would be represented by these estimates, arguing that the blasting method precluded precisely vertical sides, and that he was entitled to payment based on the amount of material actually excavated. The trial judge concluded, after hearing expert testimony offered by both parties, that the appellant was entitled to payment on the basis of a slope not to exceed three inches per vertical foot. This resulted in the allowance of appellant's claim in an amount approximating that which he sought in his complaint. The trial judge included in his original findings and conclusions an award of interest on this sum from September 15, 1943, one month subsequent to the completion of the work. He later amended his conclusions by striking out this item, stating that interest had been included by inadvertence.

Appellant insists that the amount due under the contract was readily ascertainable, if not in fact liquidated, and alleges an abuse of discretion on the part of the trial judge in not allowing interest.

The statute indicates that as a general rule interest in contract cases is not to be allowed. It goes on to provide that nothing therein shall forbid the jury, or the court if trial be by the court, from allowing interest as an element of damages, "if necessary to fully compensate the plaintiff." We find no reason in this case to disturb the determination of the trial judge, who decided to follow the general rule. There is no evidence of bad faith on the part of the appellee.[1] The controversy as to the meaning of the contract expression "as vertical as possible," and the consequent dispute as to the precise basis for payment, appears to have been real and not colorable. True it is that there are many situations in which courts have allowed interest as an element of damages despite the existence of a real controversy and despite the fact that the claim had not been reduced to a liquidated amount.[2] But

[1] It appears that the Navy Department would be ultimately liable for any recovery obtained by the appellant subcontractor. The controversy here was referred to the Navy Department's Board of Contract Awards, which on March 8, 1946, denied plaintiff's claim. This suit was then begun. The appellee is represented herein by the United States Attorney.

[2] Prager v. New Jersey Fidelity & Plate Glass Insurance Co., 245 N.Y. 1, 156 N.E. 76, 52 A.L.R. 193, Miller v. Robertson, 266 U.S. 243, 45 S.Ct. 73, 69 L.Ed. 265. In Funkhouser v. J. B. Preston Co., 290 U.S. 163, 168-169, 54 S.Ct. 134, 136, 78 L.Ed. 234, Mr. Chief Justice Hughes, speaking for the Court, said: "Without attempting to review the numerous, and not harmonious, decisions upon the allowance of interest in the case of unliquidated claims, it is sufficient to say that the subject is an appropriate one for legislative action in order to provide a definite rule. The statutory allowance is for the purpose of securing a more adequate compensation by adding an amount commonly viewed as a reasonable measure of the loss sustained through delay in payment. It has been recognized that a distinction, in this respect, simply as between cases of liquidated and unliquidated damages, is not a sound one. Whether the case is of the one class or the other, the injured party has suffered a loss which may be regarded as not fully compensated if he is confined to the amount found to be recoverable as of the time of the breach and nothing is added for the delay in obtaining the award of damages. Because of this fact, the rule with respect to unliquidated claims has been in evolution * * * and in the absence of legislation the courts have dealt with the question of allowing interest according to their conception of the demands of justice and practicality. Miller v. Robertson, 266 U.S. 243, 258, 45 S.Ct. 73, 69 L.Ed. 265. 'The disinclination to allow interest on claim of uncertain amount seems based on practice rather than theoretical grounds.' Williston on Contracts, vol. 3, § 1413. Whether there shall be a definite rule is a matter within the legislative discretion, as is that of

94

under the statutory provision in this jurisdiction, vesting as it does a broad measure of discretion in the jury or trial court,[3] we should not lightly disturb the finding of the trial judge in a case such as the present.[4] Certainly we find no abuse of discretion. The judgment of the District Court is accordingly

Affirmed.

providing for interest upon judgments." (Footnotes omitted.)

3. This was the traditional approach developed in the cases. See McCormick, Damages §§ 51, 56 (1935). Cf. Berrington v. Phillips (1836), 1 M. & W. 48; Attwood v. Taylor (1840), 1 M. & G. 279.

4. Dyker Building Co. v. United States, —— U.S.App.D.C. ——, 182 F.2d 85. Cf. Shima v. Brown, 77 U.S.App.D.C. 115, 133 F.2d 48, certiorari denied 318 U.S. 787, 63 S.Ct. 982, 87 L.Ed. 1154; Grand Trunk Western R. Co. v. H. W. Nelson Co., 6 Cir., 116 F.2d 823, certiorari denied 297 U.S. 717, 56 S.Ct. 592, 80 L.Ed. 1002.