In the Matter of the Estate of JOSEPH W. NOBLE, Deceased. JOSEPH A. NICKERSON, Appellant-Respondent; ETHEL D. NOBLE et al., Respondents-Appellants; DANIEL D. M. WILLARD et al., Respondents.— In a proceeding pursuant to section 231-a of the Surrogate's Court Act, petitioner appeals from the decree of the Surrogate's Court, Westchester County, and decedent's widow, stepchildren and a stepgrandchild appeal from said decree insofar as it fixes and determines the fair and reasonable value of petitioner's services rendered to them and as fails to direct petitioner to refund all sums received by him from or on behalf of said appellants as compensation for legal services rendered. Decree modified on the law by adding to the second decretal paragraph after the figure " ($150,000) " the words "with interest computed from December 1, 1950, on unpaid balances", and by adding to said decree a provision directing that the executors pay the balance due petitioner for legal services rendered to respondent Ethel Darby Noble, plus interest as provided herein, from funds in their hands belonging to said respondent. As so modified, decree unanimously affirmed, without costs, and proceeding remitted to the Surrogate's Court, Westchester County, for further action not inconsistent herewith. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Interest begins to run on a claim for legal services based on *quantum meruit* from the date of the demand for payment. (*Matter of West*, 257 N. Y. 108; *Katz* v. *Nichols*, 48 N. Y. S. 2d 640.) It is undisputed that petitioner made a demand for payment on December 1, 1950. Section 231-a of the Surrogate's Court Act permits the Surrogate to direct payment from funds in the hands of the representative belonging to any legatee, devisee, distributee or person interested therein. The Surrogate should have made such direction. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.