Arthur G. Klein, J.
Motion by plaintiff for the addition of interest from July 21, 1953, on the sum awarded to him by the jury and for a direction that the Clerk’s minutes be amended accordingly. This action is based upon a breach of a contract of employment. It comes, therefore, within the provisions of section 480 of the Civil Practice Act but the plaintiff, moving to amend the verdict has the burden of showing that, the verdict for some good reason should be amended. As was stated in First Int. Pictures v. F. C. Pictures Corp. (262 App. Div. 21, 22): “ The court may and should amend the verdict by computing and adding interest where it is clear that interest should be included, * * * but the court cannot add interest * * * if there is a possibility that the jury have already allowed interest in the amount of recovery fixed in the verdict ”. The court should not direct the addition of interest unless it is at least reasonably clear that the jury has not already allowed interest in the amount of the recovery fixed by the verdict. (Gottesman v. Havana Importing Co., 72 N. Y. S. 2d 426.)
Here the breach is alleged to have occurred in 1953, when, as he claims, plaintiff was discharged in violation of the contract covering his employment. The verdict is based upon his proof of loss of earnings due to such discharge, and the possible loss of benefits derived from seniority. He suffered no lump sum loss in 1953, his damages being based upon proof of weekly earnings and his claimed loss of such earnings up to the time of the trial. The jury was instructed if it found a verdict for the plaintiff that from such loss of weekly wages it should deduct such sums as it found the plaintiff earned or could have earned during the six-year period. The difficult problem facing the jury in coming to a conclusion is easily appreciated. That nothing was said during the trial or in the charge does not establish that the jury did not take interest into consideration in arriving at a lump sum verdict. (Gottesman v. Havana Importing Co., supra.)
The motion to add interest to the sum allowed from July 21, 1953, is, accordingly, denied.