Daniel G. Albert, J.
This is a motion made pursuant to 5001 CPLR at the conclusion of the trial of this action for the allowance of interest upon the sum of $7,600 which was awarded to the plaintiff by the jury. The plaintiff sued the respective defendants upon separate and distinct causes of action. These causes may be classified as: (A) those based upon a breach of contract (B) those based upon “ reasonable value of work, labor and services rendered and performed ’ ’. The plaintiff is a real estate broker and this action was brought to recover commissions allegedly due the plaintiff from the defendants for obtaining a customer ready, willing and able to purchase certain real property owned by the defendants and located in the Village of Albertson, County of Nassau. In the causes of action based upon breach of contract, the plaintiff alleged that he was entitled to 5% commissions for the sale of the property involved. In the causes of action for “ reasonable value of work, labor and services rendered and performed ” plaintiff (while alleging that such reasonable value was in a sum equivalent to the 5% commissions) produced an expert who, upon cross-examination, testified that in transactions involving a sale of properties for *440 a sum, which, as in the instant case is $760,000, it is not unusual for brokers to receive a commission of 2%% rather than 5%. The actual verdict rendered by the jury, to wit: $7,600 is 1% of the total sales price, which sum bears no relation to the alleged contractual figure of 5% or the alternative figure of 2%% as testified to by the plaintiff’s own expert. Plaintiff’s recovery was based, not upon breach of contract, but upon work, labor and services rendered.
The award of interest is founded solely upon the theory that there has been a deprivation of the use of money or its equivalent, and that unless interest be added, the party aggrieved is not made whole. Interest is compensation for the use of money. Interest will result only from a status which is in the nature of a debtor and creditor relationship whereby the amount involved is known or reasonably ascertainable by the parties affected. The interest must be an integral part of the debt. (Chester v. Jumel, 125 N. Y. 237.) It is necessary that the claim for damages shall represent a pecuniary loss which is susceptible of computation with reasonable certainty, or by means of established market values or other generally recognized standards. (Faber v. City of New York, 222 N. Y. 255.) The verdict of the jury in this action eloquently testifies to the complete absence of reasonable certainty or established value of the plaintiff’s services to the defendants. Had plaintiff recovered upon his causes of action for breach of contract he would have been entitled to interest upon the verdict. (McLaughlin v. Brinckerhoff, 222 App. Div. 458.) Having recovered upon a quantum meruit basis where the amount of damages was not computed with reference to any recognized standards of computation or with reference to market values, but was in direct antithesis of the same, this court is of the opinion that interest should not be awarded. As was stated in the case of Grobe v. Kramer (178 Misc. 247, 249): “ The value of the shares of stock was in dispute. The plaintiff submitted one basis for computation; the defendant submitted another. The discrepancy between them was considerable. The amount found by the jury was about one-third of the amount claimed as damages in the complaint. Hnder such circumstances, it cannot be said that the value of the shares of stock on the day of the commission of the fraud was so fixed and so capable of computation as to require the allowance of interest as an integral part of the damages found by the jury.”
This action is distinguishable from those involving a claim for legal services rendered (Prager v. New Jersey Fid. & Plate Glass Ins. Co., 245 N. Y. 1) or for the performance of contracting work (Elliott v. Gian, 19 A D 2d 196) in that the issue in this *441 action was not the amount due the plaintiff but whether or not any amount was due the plaintiff. In the case of Prager v. New Jersey Fid. & Plate Glass Ins.,Co. (supra, pp. 5-6) Mr. Justice Cakdozo in his opinion stated: “ While the dispute as to value was going on, the defendant had the benefit of the money and the plaintiff was without it. Interest must be added if we are to make the plaintiff whole * * s No doubt there is difficulty in appraising the value of a lawyer’s services as there is difficulty often in appraising the services of others. None the less, the standards of general custom and particular practice are not lacking altogether. Both parties appeal to these standards, the defendants as much as the plaintiff, in arguing that this court should affirm the judgment or reverse it.”
In the instant action the dispute was primarily as to liability and only secondarily as to value. Neither party appealed to a standard of “general custom and particular practice” which would award a broker 1% of the sales price of real property. Plaintiff in this action demanded, as the reasonable value of his work, labor and services, the identical sum which he claimed was due him upon the alleged contract with the defendant.
Not until subsequent to the entry and prior to the satisfaction of judgment in this action could it be said that the plaintiff has been deprived of the use of money. A debtor and creditor relationship between the plaintiff and the defendant will only have been established in this action upon the entry of judgment. There is no requirement of the addition of interest for the plaintiff to be “ made whole ’ ’. Neither the plaintiff nor the defendant envisaged the determination ultimately arrived at by the jury.
The nature of the jury’s verdict, based as it is upon its own method of computing the amount of recovery, presents an additional ground for denying the addition of interest to the amount of the recovery fixed by the verdict. As was stated in First Int. Pictures v. F. C. Pictures Corp. (262 App. Div. 21, 22): “ ‘ The court may and should amend the verdict by computing and adding interest where it is clear that interest should be included, * * * but the court cannot add interest * * * if there is a possibility that the jury have already allowed interest in the amount of the recovery fixed in the verdict. ’ ’ ’
In the case of Stuckey v. Erie R. R. Co. (22 Misc 2d 472, 473) the court cited the case of First Int. Pictures v. F. C. Pictures Corp. (supra) and went on to state: “ The court should not direct the addition of interest unless it is at least reasonably clear that the jury has not already allowed interest in the amount of the recovery fixed by the verdict. (Gottesman v. Havana Importing Co., 72 N. Y. S. 2d 426) * * * That nothing was *442 said during the trial or in the charge does not establish that the jury did not take interest into consideration in arriving at a lump sum verdict.”
The motion to add interest to the verdict of the jury is denied and the clerk is directed to enter judgment accordingly.