TERRACE HOTEL Co., INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 39895.) EMANUEL S. BARD et al., as Executors of JONAS BARDOWITZ, Deceased, Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 40075.) — STALEY, JR., J. Appeal by claimants from judgments in favor of claimants, entered March 20, 1968 and March 21, 1968, upon a decision of the Court of Claims, insofar as said judgments awarded interest from March 4, 1968, instead of from September 18, 1961. In 1958 and 1959 the Superintendent of Public Works filed appropriation maps for the purpose of appropriating negative easements barring the use of claimants' properties for outdoor advertising purposes pursuant to section 30 of the Highway Law. The claimants filed claims in the Court of Claims. While these claims were pending, the Court of Appeals in *Schulman* v. *People* (10 N Y 2d 249), determined that the Superintendent of Public Works had no authority to condemn a negative easement under section 30 of the Highway Law, or any other provision of statute. Thereafter, the State moved to discontinue the proceedings, and the motion was granted on September 18, 1961. Shortly thereafter, each of the claimants filed a claim for damages for trespass, the creation of a cloud on title, and for the amount incurred for legal services in connection with the State's discontinued appropriations. The Court of Claims dismissed the claims, and on appeal this court affirmed the dismissals. (*Terrace Hotel Co.* v. *State of New York*, 26 A D 2d 23.) The claimants then appealed to the Court of Appeals which determined that the claimants did "not have valid causes of action for damages based on the unauthorized appropriations" but reversed the orders of this court, and remanded the cases to the Court of Claims stating: "The Court of Claims has discretion to award attorneys' fees and legal expenses whenever the State seeks to discontinue further exercise of the power of eminent domain. Accordingly, the cases must be sent back to the Court of Claims so that it may decide, *in its discretion*, whether such counsel fees and legal expenses are warranted here." (*Terrace Hotel Co.* v. *State of New York*, 19 N Y 2d 526, 532.) The Court of Claims thereafter determined that each of the claimants was entitled to recover the sum of $1,018 as compensation for legal services and disbursements incurred by them. The decision of the Court of Claims dated March 4, 1968 made no determination as to interest on the awards. The judgments entered pursuant to the decision provide for interest on the awards from March 4, 1968, the date of the awards, to the date of entry of the judgments. On this appeal the claimants contend that interest on the awards should run from September 18, 1961, the date that the orginal claims were dismissed, and the State contends that interest was properly computed from March 4, 1968. The State argues that, since the award was solely for counsel fees and expenses, the action was equitable in nature, and the recovery of interest falls within the provisions of CPLR 5001 (subd. [a]), which provides "that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion", and that the Court of Claims acted properly within its discretion. However, the Court of Appeals held that "the Court of Claims should have determined, in the sound exercise of its discretion, whether the claimants were entitled to recover the legal expenses

they incurred in the discontinued appropriation proceedings. (See *Matter of Waverly Water Works Co.*, 85 N. Y. 478, *supra*.) " (*Terrace Hotel Co.* v. *State of New York*, 19 N Y 2d 526, 532, *supra*.) Pursuant to this direction, the Court of Claims has made an award to claimants for legal expenses and disbursements incurred prior to September 18, 1961. CPLR 5001 (subd. [b]) provides that " Interest shall be computed from the earliest ascertainable date the cause of action existed ". The dismissal of the appropriation claims on September 18, 1961 created claimants' claims for legal services and disbursements, and they should, therefore, be entitled to interest on the awards from that date. If the causes of action had been for legal services owed by the claimants to their attorneys, interest would be computed from the date of demand for payment for such services. (*Prager* v. *New Jersey Fid. & Plate Glass Ins. Co.*, 245 N. Y. 1; *Matter of West*, 257 N. Y. 108; *Blackwell* v. *Finlay*, 233 N. Y. 361.) In an action to recover for the cost of such services from the State, the claimants should likewise be entitled to interest computed from the date the cause of action arose. Judgments modified, on the law and the facts, to provide for interest on the awards computed from September 18, 1961, and, as so modified, affirmed, with costs to appellants. Gibson, P. J., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Staley, Jr., J.