JULIEN J. STUDLEY, INC., Plaintiff-Appellant,

v.

GULF OIL CORPORATION, Defendant-Appellee.

No. 162, Docket 33729.

United States Court of Appeals Second Circuit.

Argued Nov. 3, 1969.

Decided Dec. 15, 1969.

**948**

Alan E. Bandler, New York City (Bandler, Goldstein & Kagan, New York City, of counsel), for plaintiff-appellant.

William M. Kufeld, New York City (Carb, Luria, Glassner, Cook & Kufeld, New York City, of counsel), for defendant-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge:

In this diversity action by an in-state plaintiff against an out-of-state defendant, now before us on an appeal by the plaintiff for the third time, see 386 F.2d 161 (1967), 407 F.2d 521 (1969), Julien J. Studley, Inc., a real estate broker, seeks to recover from Gulf Oil Corporation certain commissions which allegedly would have been received from the landlord upon a 1962 lease of office space by Gulf but for the latter's breach of a contract to designate Studley to the lessor as broker. On this occasion the appeal is from the trial judge's refusal to award preverdict interest, an issue which we instructed him to consider on remand. 407 F.2d at 529 n. 8. The facts are fully set out in our prior opinions and we here state only those necessary to understand this narrow point.

The jury found that Studley assisted Gulf in obtaining office space in the Sperry Rand building; that Gulf bound itself to designate Studley to the lessor as the broker involved in the transaction, to whom the commission should be paid, but instead designated Cushman & Wakefield; and that as a result of this breach of contract Studley suffered injury in the amount of $25,000. The parties stipulated at trial and the case went to the jury on the theory that the brokerage commissions that had been or might be payable at the New York Real Estate Board's suggested rates fell into three classes: (1) a basic commission, payable in December 1962, in the amount of $44,883.31; (2) additional commissions accruing from the reduction of certain take-over obligations, to date of trial, in the amount of $4,207.50; and (3) a possible commission of $37,173.75 if Gulf exercised an option to extend the lease from May 1, 1973 for ten years, payable if and when the option was exercised. There was testimony that even if Gulf had represented the true facts to the lessor, Studley might not have received the entire commission as the lessor's practice in these situations was to "get the two brokers together and try and get them to split the commission in some way." In sustaining the verdict on the second appeal, Judge Frankel observed that the award of $25,000 was "almost ex-

actly half of the commissions actually paid by [the lessor] to Cushman & Wakefield," 407 F.2d at 526, 528, that is to say the commissions in categories (1) and (2) above.

On remand, Judge Pollack entered judgment for Studley in the amount of $25,000 with interest from the date of verdict and costs, but denied Studley's motion for preverdict interest. He observed that the amounts recited in the stipulation were only the Real Estate Board's suggested rates, which were offered to the jury as a guide, but one which it was not bound to follow, and that there was "a rational and valid possibility" that its award included an unascertainable amount as Studley's share of the commissions to be earned in the future if Gulf exercised its option, a sum on which Studley would not be entitled to preverdict interest. Alternatively, he found that "as a matter of fundamental fairness," Studley should not be entitled to interest against Gulf, since it was "beyond question that defendant in this suit had not had the benefit itself of moneys which belonged to the plaintiff."

■ The New York statute, which controls in this action to enforce a state-created right, is CPLR § 5001:

Interest to verdict, report or decision

(a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

(b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest

shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

(c) Specifying date; computing interest. The date from which interest is to be computed shall be specified in the verdict, report or decision. If a jury is discharged without specifying the date, the court upon motion shall fix the date, except that where the date is certain and not in dispute, the date may be fixed by the clerk of the court upon affidavit. The amount of interest shall be computed by the clerk of the court, to the date the verdict was rendered or the report or decision was made, and included in the total sum awarded.

This section, a revision of § 480 of the Civil Practice Act, is New York's latest effort to enforce the policy enunciated by Chief Judge Cardozo in Prager v. New Jersey Fid. & Plate Glass Ins. Co., 245 N.Y. 1, 5–6, 156 N.E. 76, 77, 52 A.L.R. 193 (1927), that "Interest must be added if we are to make the plaintiff whole." One innovation in the revision was to limit the jury's responsibility to fixing the date from which interest was to be computed; once the date is determined, the amount of interest is to be computed by the clerk. This change was to eliminate doubts whether the jury had included interest. A plaintiff who fails to ask that the jury fix the date does not waive his right to have a date fixed and interest computed, but only his right to have the jury do the former. See Buffalo Oil Terminal, Inc. v. William B. Kimmins & Sons, 42 Misc.2d 499, 248 N.Y.S.2d 499 (Sup.Ct.1964), aff'd mem. 23 A.D.2d 970, 260 N.Y.S.2d 621 (4th Dep't 1965); 5 Weinstein-Korn-Miller, New York Civil Practice ¶¶ 5001.14 and .15 (1967).

■ In fixing a date or dates under § 5001(c) where the jury has not, the court is faced with the necessity of determining what damages the award represented. As indicated, the chief ground for the judge's refusing to fix a date or dates for the running of interest in the

instant case was his belief "that some indeterminable portion of the jury verdict may well be based upon future commissions as yet unearned." We think this rather fanciful. Although we can understand the judge's impatience with Studley, which had insisted on having the question of renewal commissions submitted to the jury, the court had excluded any evidence that would have supported an award on that account; and it is as certain as most things can be that what the jury did was to perform a crude piece of Solomonic surgery on the two items, aggregating $49,090.81, that had accrued.

 On appeal Gulf advances as an additional argument that possibility that the jury may have included interest in arriving at its award. It cites for this Lesjac Realty Corp. v. Mulhauser, 43 Misc.2d 439, 441–442, 251 N.Y.S.2d 62, 65 (Sup.Ct. 1964). That case, however, relied solely upon earlier decisions predating the enactment of CPLR § 5001. We agree with the comment in 5 Weinstein-Korn-Miller, New York Civil Practice ¶ 5001.14 (Supp. 1967), that the decision "seems to have ignored the effect of CPLR 5001(c)," particularly in light of the advisory committee's notes to that subsection, which provide that "by placing the responsibility for adding interest to a verdict solely upon the clerk of the court, [the subsection] seeks to overcome" the problem of determining whether the jury award included an amount for interest, which had repeatedly arisen under the prior law. Especially in light of this evidence of legislative intent, we do not regard Lesjac as accurately reflecting New York Law. See on the merits, criticizing Lesjac, 33 Fordham L.Rev. 317 (1964), and on the lack of necessity for our giving a state nisi prius decision more weight than we think a New York appellate court would, Roginsky v. Richardson-Merrell, Inc., 378 F.2d 832, 851 (2 Cir. 1967); and C. I. R. v. Bosch, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

The district court's final point was that considerations of fundamental fairness forbade the award of interest, inasmuch as Gulf had not had the use of the money to which Studley was entitled. This overlooked that by virtue of indemnity agreements, see 386 F.2d at 164, 407 F.2d at 524, Cushman & Wakefield, which has been holding the money, and not Gulf will utimately bear the burden of the judgment. In any event, the New York statute provides interest as a matter of right in cases of this kind.

We therefore hold that Studley was entitled to have the $25,000 award broken down as between the initial commission and the additional commissions to the date of trial, so that $22,850 represents the former and $2,150 the sum of the latter, and to have interest computed on these amounts from the dates of the payments of the corresponding commissions to Cushman & Wakefield. The judgment is reversed for the computation and allowance of preverdict interest in accordance with this opinion.