**George H. NOEL and Thomas B. Farned, Appellants,**

v.

**Robert E. O'BRIEN and Ruth N. O'Brien, Appellees.**

**No. 5175.**

District of Columbia Court of Appeals.

Argued Sept. 30, 1970.

Decided Oct. 28, 1970.

Paul J. McGarvey, Washington, D. C., for appellants.

Stephen F. Owen, Jr., Washington, D. C., for appellees.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a judgment based on a breach of warranty. The warranty, included in a home purchase agreement, guaranteed that the heating system would be in good working condition at time of settlement. Since appellees had to borrow money to replace the defective system, the judgment also included their interest expense as an element of damages. The issues on appeal are the propriety of including this interest as part of the damages and whether, despite equal cost, appellees were required to attempt repair of the old system rather than replace it. We affirm.

Appellees' contract for the purchase of a home approximately 18-years old stated, " * * * all mechanical, electrical, heating and plumbing equipment is to be in good working condition at time of settlement. * * *" When it was discovered that on the settlement date the furnace would not have operated, appellees called the local utility company to make repairs but they could do nothing because the heat exchanger was inoperable and some controls were faulty. Appellees, through their attorney, immediately notified appellants about the defects and requested repair of the furnace within 5 days. Appellants did nothing. Appellees then contacted several furnace companies and requested their bids. Appellees selected Home Air Conditioning Company to replace the old system with a new one of the same type. Its representative testified that the cost of replacing the heat exchanger on the obsolete furnace would have been as much or more than the cost of a new furnace of like capacity and which used the same fuel.

Appellants, relying on Meyers v. Antone, D.C.App., 227 A.2d 56, 59 (1967), contend that appellees should not get a new furnace when they bargained for one about 18-years old. However, in *Meyers* the replaced heating system was of a completely different type costing more than the existing type. There we held that plaintiff could replace the furnace with whatever he wished but the amount recoverable as damages would be limited to the cost of placing the old unit in proper working order. *Id.* at 59. Since the cost of a new system of the same type was equal to the repair cost of the old system, appellants have no standing to insist that the old system be repaired and retained. The measure of damages is in money, not in inanimate objects. The repair and replacement costs were questions of fact and the trial court believed the testimony of appellees' expert concerning them. We cannot say that it was error to do so. D.C.Code 1967, § 17–305.

The inclusion of interest charged for borrowing the money to replace the furnace as a part of appellees' damages is specifically authorized by D.C.Code 1967, § 15–109, "if necessary to fully compensate the plaintiff." This statute allows the fact-finder a wide measure of discretion whether to include it. Flanaghan v. Charles H. Tompkins Co., 86 U.S.App.D.C. 307, 309, 182 F.2d 92, 94 (1950); Dyker Bldg. Co. v. United States, 86 U.S.App.D.C. 297, 303, 182 F.2d 85, 91 (1950). We do not find an abuse of that prerogative reflected in this record. The judgment of the trial court is

Affirmed.