■ In the Matter of the Estate of BECKY AARON, Deceased. FLORENCE THALER et al., as Executors of BECKY AARON, Deceased, et al., Appellants; JAMES S. BROWN, JR., Guardian ad Litem, Respondent-Appellant; GEIST, NETTER & MARKS et al., Respondents.—In this proceeding by the executors for judicial settlement of their intermediate account, the appeals are from a decree of the Surrogate's Court, Kings County, dated September 8, 1969, settling the account, and an order of the same court dated March 13, 1970 amending said decree. (1) Three of the executors have appealed, as limited by their brief, from so much of the decree and the order as awarded Geist, Netter & Marks, Esqs., $187,500, less certain amounts theretofore paid, for legal services to the estate, and further from so much of the order as awarded them interest on the unpaid balance of said award, both up to and after the date of the original decree. (2) The guardian ad litem for certain infant parties appeals from so much of the decree and the order as made said award for legal services, and as made the following further awards for services to the estate: to Feit, Tepper & Green-

hill, Esqs., $7,500, less an amount theretofore paid, for legal services; to Ferro, Berdon & Co. $18,750, less an amount theretofore paid, and to N. H. Bushan & Co. $4,000, for accounting services; and to Arthur Filler $3,901.50, for other services; and he further appeals from so much of the order as awarded said interest to Geist, Netter & Marks, Esqs. (3) The United States of America appeals, as limited by its brief, from all of the above-mentioned portions of the decree and the order, except the award of post-decree interest, and also from the portions thereof which awarded said guardian ad litem $6,500 for his services. Appeals from the original decree dismissed as academic. Said decree was superseded by the order dated March 13, 1970. Order dated March 13, 1970 modified, on the law and the facts and in the exercise of discretion, by (1) reducing the award to Geist, Netter & Marks, Esqs., to $80,000 and accordingly reducing the unpaid balance thereof to $53,800; (2) reducing the award to Feit, Tepper & Greenhill, Esqs., to $6,000 and accordingly reducing the unpaid balance thereof to $4,125; (3) striking out the award to N. H. Bushan & Co. and substituting therefor a provision that said firm's claim is disallowed, without prejudice to the firm's submission of an amended petition to the Surrogate's Court, sufficiently setting forth the services it rendered to the estate, the necessity thereof and the time expended in the rendition thereof, and without prejudice to the objectants' right to examine said firm concerning its services; and (4) striking out the award of interest to Geist, Netter & Marks, Esqs., for the period up to the date of the original decree. As so modified, order affirmed. All parties appearing separately and filing separate briefs are allowed $20 costs and disbursements, payable out of the estate, to cover the appeals from both the original decree and the order. In our opinion, in the light of the record herein, the allowances for the attorneys' compensation were excessive to the extent indicated herein. Moreover, we note that the record herein indicates that additional attorneys' fees will be requested for services rendered up to the date of the filing of the above intermediate accounting by the executors, for services to be rendered up to the times when the executors shall file their final accounting and such final accounting shall have been judicially settled, and for services to be rendered up to the time when the trust and other legacies provided for in the testatrix' will may be paid over as directed by the will. Interest may be added to a court's determination of the reasonable value of an attorney's services from the date the obligor defaults in complying with a demand for payment (cf. *Matter of Noble,* 1 A D 2d 900, app. dsmd. 2 N Y 2d 725; *Brent* v. *Keesler,* 32 A D 2d 804; *Matter of West,* 257 N. Y. 108; *Prager* v. *New Jersey Fid. & Plate Glass Ins. Co.,* 245 N. Y. 1). These are the cases relied on by respondents Geist, Netter and Marks, Esqs., as the authorities confirming the alleged correctness of the Surrogate's decision allowing the above predecree interest. These authorities were also referred to by the Surrogate as supportive of his decision. In our opinion, said authorities involve situations distinguishable from that at bar, except that *Prager* v. *New Jersey Fid. & Plate Glass Ins. Co.* (*supra*), insofar as applicable, in our view supports the position of appellant United States that predecree interest should not have been allowed here. The primary reason for the rule allowing interest, on the *quantum meruit* allowable to an attorney for services, is that when a demand is made for the payment thereof, and the obligor fails to comply with the demand, the latter is in default on his obligation and from that date is withholding money the obligee is entitled to receive. If the obligor believes the demand is excessive he should tender the amount he believes is proper without prejudice to plaintiff's right to recover the excess. " A bill for services is felt to cast the burden on the debtor either to pay what is demanded, or, if dissatisfied, to state how much is due" (*Prager*

v. *New Jersey Fid. & Plate Glass Ins. Co., supra,* p. 7). But here the claim is against the executors in their fiduciary capacities to fix the amount of the reasonable compensation which should be paid to the above-mentioned attorneys for their services to the estate, as proper administration expenses of the estate. Here, the claim is against the estate's assets. The executors are liable only in their capacities as fiduciaries for infant legatees, charitable organization legatees, other legatees, the United States as a creditor with a contested tax claim against the estates for unpaid income and estate taxes totaling $1,354,671.74, and all other creditors, including respondents, among all of which parties the estate must be distributed. Neither the estate nor the executors, as such fiduciaries, may be considered in default in the payment of the demanded fees of respondents Geist, Netter & Marks, Esqs., as administration expenses, before the court fixes and determines the amount of the compensation which respondents are entitled to receive. *Matter of Noble* (1 A D 2d 900, app. dsmd. 2 N Y 2d 725, *supra*), relied on by said respondents is readily distinguishable from the case at bar. In *Noble,* the attorney's fees fixed by the court on a *quantum meruit* basis were for services rendered to an individual legatee *rather than the estate.* When the legatee refused to pay the requested fee and did not tender what she considered to be the appropriate fee, the court, on fixing the reasonable compensation, ordered interest to be paid out of the legatee's share of the estate from the date of the demand and default. The record in that case discloses that, insofar as the attorney received an allowance for his services to the estate, payable by the estate, no interest was allowed. Likewise in *Matter of West* (257 N. Y. 108, *supra*), relied on by these respondents, the reasonable value of services rendered to the executors as fiduciaries of the estate was not involved. There, the attorney had rendered services to the decedent during the latter's lifetime. He had not demanded payment of the reasonable value of his services from the decedent. After the decedent's death the attorney demanded payment from the decedent's estate. The Court of Appeals held that the decedent, the obligor, had not defaulted in paying his attorney the reasonable value of his services even though the services had been completed during the decedent's lifetime, because no demand had been made for payment. Thus, interest was not allowed on the *quantum meruit* compensation fixed by the court from the date when the services were completed. The court noted in its dictum that, if a demand had been made on the decedent and the decedent had failed to comply therewith, interest would have been allowed on the reasonable value of the services from the date the demand was made because, as of that date, the decedent would have been in default. *Brent* v. *Keesler* (32 A D 2d 804, *supra*), relied on by these respondents, is entirely foreign to the situation at bar. That case involved the fixation, in a jury case, of the reasonable fees owing to an attorney for services rendered to the defendant who was an individual and contested the claim. (In connection with the subject of compensation allowed to all of the respondents, see *Matter of Aaron,* 37 A D 2d 628.) Hopkins, Acting P. J., Munder, Latham, Gulotta and Brennan, JJ., concur.